SEAN P. DEBRUINE (SBN 168071)
sean.debruine@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, California 94025-4008
Telephone: (650) 838-2000
Facsimile: (650) 838-2001

RICHARD M. MCDERMOTT (*pro hac vice*)
rick.mcdermott@alston.com
JEFFREY M. CONNOR (*pro hac vice*)
jeffrey.connor@alston.com
JITENDRA MALIK (*pro hac vice*)
jitty.malik@alston.com
JESSICA J. SIBLEY (*pro hac vice*)
jessica.sibley@alston.com
ALSTON & BIRD, LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111

Attorneys for Plaintiff
ZIPTRONIX, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZIPTRONIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>OMNIVISION TECHNOLOGIES, INC., TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LTD., and TSMC NORTH AMERICA CORP.<br><br>Defendants. | Case No.: 4:10-cv-05525-SBA<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ziptronix, Inc., by and through counsel, for its Complaint against Defendants Omnivision Technologies, Inc. ("Omnivision"), Taiwan Semiconductor Manufacturing Company, LTD., and TSMC North America Corp. (collectively "Defendants"), alleges on knowledge as to

its actions, and upon information and belief as to the actions of others, as follows:

## THE PARTIES

1. Plaintiff Ziptronix, Inc. (hereinafter referred to as "Ziptronix"), a North Carolina corporation with its principal place of business in Morrisville, North Carolina, is a leader in the development of innovative technologies concerning semiconductor integration processes, and is the owner by assignment of patents covering innovative technologies related to advanced semiconductor processing. These technologies represent significant advances in the field of semiconductor processing that allow for, among other things, specialized bonding of surfaces and materials.

2. Defendant Omnivision Technologies, Inc. is a Delaware corporation and is headquartered at 4275 Burton Drive, Santa Clara, California 95054. Omnivision produces, manufactures, imports, sells and/or offers for sale image sensors in the United States.

3. Defendant Taiwan Semiconductor Manufacturing Company Ltd. is a Taiwanese corporation and is headquartered at No. 8, Li-Hsin Rd. VI, Hsinchu, Taiwan 300, R.O.C., and has its U.S. subsidiary, Defendant TSMC North America Corp., headquartered at 2585 Junction Avenue, San Jose, California 95134. Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp. produce(s), manufacture(s), import(s), sell(s) and/or offer(s) for sale image sensors in the United States.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, Title 35 of the United States Code, and is an action for patent infringement under § 271.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over the Defendants under the provisions of Cal. Code of Civ. Pro. § 410.10 and consistent with the underlying due process principles of the U.S. Constitution. Upon information and belief, each Defendant is doing business in this State and District, has significant contacts in this State and District, has offered for sale and/or sold infringing products or products made by an infringing process in this State and District, has

purposely shipped or caused to be shipped infringing products or products made by an infringing process into this State and District through established distribution channels, and/or has committed acts in this State and District that are the subject of the counts set forth herein.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## **CLAIM I – INFRINGEMENT OF U.S. PATENT NO. 7,387,944**

8. The allegations contained in Paragraphs 1 through 7 above are incorporated herein by reference.

9. On June 17, 2008, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 7,387,944 entitled "Method for Low Temperature Bonding and Bonded Structure" (hereinafter referred to as "the '944 Patent"). Ziptronix is the lawful owner of all right, title, and interest in and to the '944 Patent, including the right to sue for and recover for infringement thereof. The term of the '944 Patent has not expired. A true and correct copy of the '944 Patent is attached hereto as Exhibit A.

10. Omnivision has made, used, offered to sell, sold, and/or imported into the United States image sensors including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, and continues to do so, all without authority from the patent holder. Upon information and belief, the method used to make these image sensors includes: forming a silicon oxide material on a first element; exposing a surface of said silicon oxide material to a plasma RIE process; terminating said silicon oxide material with a species after said etching; bringing together said silicon oxide material, after[1] said etching and terminating steps, with a second element; and forming a chemical bond between said silicon oxide material and said second element. Presentations and other public documents describing Omnivision's products demonstrate that Omnivision makes its image sensors using such a method.

11. Omnivision has directly infringed and/or induced the infringement of the '944 Patent within the prohibitions of at least 35 U.S.C. §§ 271(a), 271(b) and/or 271(g), including but not limited to independent Claims 49 and 63, and dependent Claims 50-55, 66-75, 77 and 79 of

---

[1] In the issued patent this term is printed as "alter" due to a mistake by the Patent Office.

the ’944 Patent and continues to do so.

12. Omnivision has had actual knowledge of the ’944 Patent since at least December 10, 2010, the date on which Omnivision was served with the Complaint and Summons in this action.

13. Omnivision has known about Ziptronix’s technology in the image sensor field and has known that Ziptronix’s technology is patented since at least August 2006 when a representative of Ziptronix sent a representative of Omnivision information regarding Ziptronix’s patented technology.

14. Upon information and belief, Omnivision has had actual knowledge of the ’944 Patent or has deliberately disregarded a known risk of the ’944 Patent since at least June 2008.

15. In 2010, Omnivision obtained revenue from sales in the United States. (Exhibit B, Omnivision 2010 Annual Report at 55-56, 109.)

16. Omnivision generates almost all of its revenue by selling products, including the Accused Products, to third-party Original Equipment Manufacturers (OEMs), Value Added Resellers (VARs), and Distributors. (Exhibit B, Omnivision 2010 Annual Report at 49.)

17. As of the time Omnivision filed its 2010 Annual Report, it had two independent distributors in the United States. (Exhibit B, Omnivision 2010 Annual Report at 13.)

18. Omnivision engages in targeted marketing efforts to sell its image sensors, including the Accused Products, and employs end-use marketing groups that target the mobile phone market, the notebook and webcam market, the digital still camera, or DSC, market, the security and surveillance market, the entertainment market, and the automotive and medical markets. (Exhibit B, Omnivision 2010 Annual Report at 4.)

19. Omnivision obtains most of its revenues from sales to the mobile phone market, which accounted for 60% of its revenue in 2010. (Exhibit B, Omnivision 2010 Annual Report at 20).

20. Upon information and belief, third-party OEMs, VARs, and Distributors use, offer for sale, sell, and/or import into the United States products including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors.

21. Upon information and belief, Omnivision has induced infringement of the '944 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage third-party OEMs, VARs, and Distributors, to use, offer to sell, sell, and/or import products including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(g).

22. Upon information and belief, Omnivision has encouraged the OEMs, VARs, and Distributors as described in the preceding paragraph despite Omnivision's (1) knowledge of the '944 Patent and/or (2) deliberate disregard of a known risk of the '944 Patent.

23. Upon information and belief, Omnivision's infringement of the '944 Patent has been willful and deliberate, despite an objectively high likelihood that its actions constitute infringement of the '944 Patent.

24. Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp. have made, used, offered to sell, sold, and/or imported into the United States image sensors including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, and continue to do so, all without authority from the patent holder. Upon information and belief, the method used to make these image sensors includes: forming a silicon oxide material on a first element; exposing a surface of said silicon oxide material to a plasma RIE process; terminating said silicon oxide material with a species after said etching; bringing together said silicon oxide material, after[2] said etching and terminating steps, with a second element; and forming a chemical bond between said silicon oxide material and said second element. Presentations and other public documents describing the above products in conjunction with Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp.'s activities demonstrate that they make these image sensors using such a method.

25. Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp. have directly infringed and/or induced the infringement of the '944 Patent within the prohibitions of at least 35 U.S.C. §§ 271(a), 271(b), and/or 271(g), including but not limited to independent Claims 49 and 63, and dependent Claims 50-55, 66-75, 77 and 79 of

[2] In the issued patent this term is printed as "alter" due to a mistake by the Patent Office.

the ’944 Patent and continue to do so.

26. Representatives of Ziptronix discussed Ziptronix’s technology within the image sensor field with representatives of TSMC North America Corp. as early as August 2002, subject to a Non-Disclosure Agreement (NDA).

27. Representatives of Ziptronix continued discussions with representatives of TSMC North America Corp. and Taiwan Semiconductor Manufacturing Company Ltd. from August of 2002 until at least June of 2009.

28. Taiwan Semiconductor Manufacturing Company Ltd. has known since at least September 28, 2007, when a meeting took place between a representative of Ziptronix and a representative of Taiwan Semiconductor Manufacturing Company Ltd., that Ziptronix’s backside illumination image sensor technology is patented.

29. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. have had actual knowledge of the ’944 Patent or have deliberately disregarded a known risk of the ’944 Patent since at least June 2008.

30. Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. have had actual knowledge of the ’944 Patent since at least December 10, 2010, the date on which TSMC North America Corp. was served with the Complaint and Summons in this action.

31. Despite their knowledge of Ziptronix’s technology, Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. continued with their plans to develop and produce wafers used in Omnivision’s image sensors, including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, that infringe the ’944 Patent.

32. Taiwan Semiconductor Manufacturing Company Ltd. is the principal supplier of wafers that Omnivision uses in its image sensor products, including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors. (Exhibit B, Omnivision 2010 Annual Report, at 5.)

33. Taiwan Semiconductor Manufacturing Company Ltd. has agreed to commit substantial wafer manufacturing capacity to Omnivision in exchange for Omnivision’s commitment to purchase a substantial number of their wafers from TSMC, subject to pricing and

technology requirements. (Exhibit B, Omnivision 2010 Annual Report, at 22.)

34. Upon information and belief, Omnivision purchases a substantial number of the wafers used in the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors and/or the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors themselves from TSMC.

35. In 2010, Omnivision obtained revenue from sales in the United States. (Exhibit B, Omnivision 2010 Annual Report at 55-56, 109.)

36. As of the time Omnivision filed its 2010 Annual Report, it had two independent distributors in the United States. (Exhibit B, Omnivision 2010 Annual Report at 13.)

37. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and/or TSMC North America Corp. have induced infringement of the ’944 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage Omnivision to use, offer to sell, sell, and/or import the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(g).

38. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and/or TSMC North America Corp. have encouraged Omnivision as described in the preceding paragraph despite Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp.’s (1) knowledge of the ’944 Patent and/or (2) deliberate disregard of a known risk of the ’944 Patent.

39. Taiwan Semiconductor Manufacturing Company Ltd.’s most significant export market is North America. (Exhibit C, TSMC 2009 Annual Report, at 66.)

40. In 2009, Taiwan Semiconductor Manufacturing Company Ltd. received $161,251,368, or 54% of its total revenue, from sales to its subsidiary TSMC North America Corp. (Exhibit C, TSMC 2009 Annual Report, at Financial Information, page 24.[3])

41. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd.

---

[3] Because the page numbers of the TSMC Annual Report start over for the “Financial Information” section, page 24 of the Financial Information section is page 108 of Exhibit C.

continues to receive most of its revenue from sales to TSMC North America Corp.

42. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. has induced infringement of the ’944 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage TSMC North America Corp. to use, offer to sell, sell, and/or import wafers used in the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(g).

43. Upon information and belief, Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp.’s infringement of the ’944 Patent has been willful and deliberate, despite an objectively high likelihood that their actions constitute infringement of the ’944 Patent.

44. Ziptronix has been and will continue to be damaged and irreparably injured unless this Court enjoins each Defendant’s infringing activities.

**CLAIM II – INFRINGEMENT OF U.S. PATENT NO. 7,335,572**

45. The allegations contained in Paragraphs 1 through 44 above are incorporated herein by reference.

46. On February 26, 2008, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 7,335,572 entitled “Method for Low Temperature Bonding and Bonded Structure” (hereinafter referred to as “the ’572 Patent”). Ziptronix is the lawful owner of all right, title, and interest in and to the ’572 Patent, including the right to sue for and recover for infringement thereof. The term of the ’572 Patent has not expired. A true and correct copy of the ’572 Patent is attached hereto as Exhibit D.

47. Omnivision has made, used, offered to sell, sold, and/or imported into the United States image sensors including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, and continues to do so, all without authority from the patent holder. Upon information and belief, the method used to make these image sensors includes: exposing a first surface of a first element to a plasma; cleaning said first surface after exposure to said plasma and terminating said first surface with a chemical species in a same step; and bonding said first surface to a second surface of a second element after said terminating step. Presentations and other public documents

describing Omnivision's products demonstrate that Omnivision makes its image sensors using such a method.

48. Omnivision has directly infringed and/or induced the infringement of the '572 Patent within the prohibitions of at least 35 U.S.C. §§ 271(a), 271(b) and/or 271(g), including but not limited to independent Claims 101, 124 and 152, and dependent Claims 102, 104, 107-109, 116-121, 125, 127, 130-134, 143-149, 155, 156 and 160 of the '572 Patent and continues to do so.

49. Omnivision has had actual knowledge of the '572 Patent since at least December 10, 2010, the date on which Omnivision was served with the Complaint and Summons in this action.

50. Omnivision has known about Ziptronix's technology in the image sensor field and has known that Ziptronix's technology is patented since at least August 2006 when a representative of Ziptronix sent a representative of Omnivision information regarding Ziptronix's patented technology.

51. Upon information and belief, Omnivision has had actual knowledge of the '572 Patent or has deliberately disregarded a known risk of the '572 Patent since at least February 2008.

52. In 2010, Omnivision obtained revenue from sales in the United States. (Exhibit B, Omnivision 2010 Annual Report at 55-56, 109.)

53. Omnivision generates almost all of its revenue by selling products, including the Accused Products, to third-party Original Equipment Manufacturers (OEMs), Value Added Resellers (VARs), and Distributors. (Exhibit B, Omnivision 2010 Annual Report at 49.)

54. As of the time Omnivision filed its 2010 Annual Report, it had two independent distributors in the United States. (Exhibit B, Omnivision 2010 Annual Report at 13.)

55. Omnivision engages in targeted marketing efforts to sell its image sensors, including the Accused Products, and employs end-use marketing groups that target the mobile phone market, the notebook and webcam market, the digital still camera, or DSC, market, the security and surveillance market, the entertainment market, and the automotive and medical markets. (Exhibit B, Omnivision 2010 Annual Report at 4.)

56. Omnivision obtains most of its revenues from sales to the mobile phone market,

which accounted for 60% of its revenue in 2010. (Exhibit B, Omnivision 2010 Annual Report at 20).

57. Upon information and belief, third-party OEMs, VARs, and Distributors use, offer for sale, sell, and/or import into the United States products including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors.

58. Upon information and belief, Omnivision has induced infringement of the ’572 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage third-party OEMs, VARs, and Distributors, to use, offer to sell, sell, and/or import products including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(g).

59. Upon information and belief, Omnivision has encouraged the OEMs, VARs, and Distributors as described in the preceding paragraph despite Omnivision’s (1) knowledge of the ’572 Patent and/or (2) deliberate disregard of a known risk of the ’572 Patent.

60. Upon information and belief, Omnivision’s infringement of the ’572 Patent has been willful and deliberate, despite an objectively high likelihood that its actions constitute infringement of the ’572 Patent.

61. Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp. have made, used, offered to sell, sold, and/or imported into the United States image sensors including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, and continue to do so, all without authority from the patent holder. Upon information and belief, the method used to make these image sensors includes: exposing a first surface of a first element to a plasma; cleaning said first surface after exposure to said plasma and terminating said first surface with a chemical species in a same step; and bonding said first surface to a second surface of a second element after said terminating step. Presentations and other public documents describing the above products in conjunction with Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp.’s activities demonstrate that they make these image sensors using such a method.

62. Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant

TSMC North America Corp. have directly infringed and/or induced the infringement of the '572 Patent within the prohibitions of at least 35 U.S.C. §§ 271(a), 271(b), and/or 271(g), including but not limited to independent Claims 101, 124 and 152, and dependent Claims 102, 104, 107 109, 116-121, 125, 127, 130-134, 143-149, 155, 156 and 160 of the '572 Patent and continue to do so.

63. Representatives of Ziptronix discussed Ziptronix's technology within the image sensor field with representatives of TSMC North America as early as August 2002, subject to a Non-Disclosure Agreement (NDA).

64. Representatives of Ziptronix continued discussions with representatives of TSMC North America from August of 2002 until at least June of 2009.

65. Taiwan Semiconductor Manufacturing Company Ltd. has known since at least September 28, 2007, when a meeting took place between a representative of Ziptronix and a representative of Taiwan Semiconductor Manufacturing Company Ltd., that Ziptronix's backside illumination image sensor technology is patented.

66. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. have had actual knowledge of the '572 Patent or have deliberately disregarded a known risk of the '572 Patent since at least February 2008.

67. Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. have had actual knowledge of the '572 Patent since at least December 10, 2010, the date on which TSMC North America Corp. was served with the Complaint and Summons in this action.

68. Despite their knowledge of Ziptronix's technology, Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. continued with their plans to develop and produce wafers used in Omnivision's image sensors, including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, that infringe the '572 Patent.

69. Taiwan Semiconductor Manufacturing Company Ltd. is the principal supplier of wafers that Omnivision uses in its image sensor products, including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors. (Exhibit B, Omnivision 2010 Annual Report, at 5.)

70. Taiwan Semiconductor Manufacturing Company Ltd. has agreed to commit

substantial wafer manufacturing capacity to Omnivision in exchange for Omnivision's commitment to purchase a substantial portion of their wafers from TSMC, subject to pricing and technology requirements. (Exhibit B, Omnivision 2010 Annual Report, at 22.)

71. Upon information and belief, Omnivision purchases a substantial number of the wafers used in the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors and/or the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors themselves from TSMC.

72. In 2010, Omnivision obtained revenue from sales in the United States. (Exhibit B, Omnivision 2010 Annual Report at 55-56, 109.)

73. As of the time Omnivision filed its 2010 Annual Report, it had two independent distributors in the United States. (Exhibit B, Omnivision 2010 Annual Report at 13.)

74. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and/or TSMC North America Corp. have induced infringement of the '572 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage Omnivision to use, offer to sell, sell, and/or import the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(g).

75. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and/or TSMC North America Corp. have encouraged Omnivision as described in the preceding paragraph despite Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp.'s (1) knowledge of the '572 Patent and/or (2) deliberate disregard of a known risk of the '572 Patent.

76. Taiwan Semiconductor Manufacturing Company Ltd.'s most significant export market is North America. (Exhibit C, TSMC 2009 Annual Report, at 66.)

77. In 2009, Taiwan Semiconductor Manufacturing Company Ltd. received $161,251,368, or 54% of its total revenue, from sales to its subsidiary TSMC North America Corp. (Exhibit C, TSMC 2009 Annual Report, at Financial Information, page 24.)

78. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd.

continues to receive most of its revenue from sales to TSMC North America Corp. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. has induced infringement of the ’572 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage TSMC North America Corp. to use, offer to sell, sell, and/or import wafers used in the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(g).

79. Upon information and belief, Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp.’s infringement of the ’572 Patent has been willful and deliberate, despite an objectively high likelihood that their actions constitute infringement of the ’572 Patent.

80. Ziptronix has been and will continue to be damaged and irreparably injured unless this Court enjoins each Defendant’s infringing activities.

## CLAIM III – INFRINGEMENT OF U.S. PATENT NO. 7,553,744

81. The allegations contained in Paragraphs 1 through 80 above are incorporated herein by reference.

82. On June 30, 2009, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 7,553,744 entitled “Method for Low Temperature Bonding and Bonded Structure” (hereinafter referred to as “the ’744 Patent”). Ziptronix is the lawful owner of all right, title, and interest in and to the ’744 Patent, including the right to sue for and recover for infringement thereof. The term of the ’744 Patent has not expired. A true and correct copy of the ’744 Patent is attached hereto as Exhibit E.

83. Omnivision has made, used, offered to sell, sold, and/or imported into the United States image sensors including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, and continues to do so, all without authority from the patent holder. Upon information and belief, the method used to make these image sensors includes: exposing a first surface of a first element to a plasma to at least enhance activation of said first surface; terminating said first surface with a species capable of forming a chemical bond with a bond strength of at least 500 mJ/m2 without heating to a temperature more than about 200°C after exposure to said plasma; and

bonding said first surface to a second surface of a second element after said terminating step; and obtaining a chemical bond with bond strength of at least 500 mJ/m2. Presentations and other public documents describing Omnivision's products demonstrate that Omnivision makes its image sensors using such a method.

84. Upon information and belief, the structure of the image sensors discussed above in Paragraph 28 also includes: first and second materials having first and second bonding surfaces, respectively, at least one of said surfaces comprising an insulating material and at least one of said surfaces having enhanced surface activation; at least one of said first and second bonding surfaces terminated with species allowing formation of chemical bonds; and a chemical bond with a strength of at least 500 mJ/m2 formed between said first and second materials after annealing said first and second materials at a temperature of no more than about 200ºC.

85. Omnivision has directly infringed and/or induced the infringement of the '744 Patent within the prohibitions of at least 35 U.S.C. §§ 271(a), 271(b), and/or 271(g), including but not limited to independent Claims 24, 31, and 41, and dependent Claims 25, 27, 29, 30, 32-34, 36, 37, 39, 40, 44-45 and 47 of the '744 Patent and continues to do so.

86. Omnivision has had actual knowledge of the '744 Patent since at least December 10, 2010, the date on which Omnivision was served with the Complaint and Summons in this action.

87. Omnivision has known about Ziptronix's technology in the image sensor field and has known that Ziptronix's technology is patented since at least August 2006 when a representative of Ziptronix sent a representative of Omnivision information regarding Ziptronix's patented technology.

88. Upon information and belief, Omnivision has had actual knowledge of the '744 patent or has deliberately disregarded a known risk of the '744 patent since at least June 2009.

89. In 2010, Omnivision obtained revenue from sales in the United States. (Exhibit B, Omnivision 2010 Annual Report at 55-56, 109.)

90. Omnivision generates almost all of its revenue by selling products, including the Accused Products, to third-party Original Equipment Manufacturers (OEMs), Value Added

Resellers (VARs), and Distributors. (Exhibit B, Omnivision 2010 Annual Report at 49.)

91. As of the time Omnivision filed its 2010 Annual Report, it had two independent distributors in the United States. (Exhibit B, Omnivision 2010 Annual Report at 13.)

92. Omnivision engages in targeted marketing efforts to sell its image sensors, including the Accused Products, and employs end-use marketing groups that target the mobile phone market, the notebook and webcam market, the digital still camera, or DSC, market, the security and surveillance market, the entertainment market, and the automotive and medical markets. (Exhibit B, Omnivision 2010 Annual Report at 4.)

93. Omnivision obtains most of its revenues from sales to the mobile phone market, which accounted for 60% of its revenue in 2010. (Exhibit B, Omnivision 2010 Annual Report at 20).

94. Upon information and belief, third-party OEMs, VARs, and Distributors use, offer for sale, sell, and/or import into the United States products including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors.

95. Upon information and belief, Omnivision has induced infringement of the ’744 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage third-party OEMs, VARs, and Distributors, to use, offer to sell, sell, and/or import products including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(a) and/or § 271(g).

96. Upon information and belief, Omnivision has encouraged the OEMs, VARs, and Distributors as described in the preceding paragraph despite Omnivision’s (1) knowledge of the ’744 Patent and/or (2) deliberate disregard of a known risk of the ’744 Patent.

97. Upon information and belief, Omnivision’s infringement of the ’744 Patent has been willful and deliberate, despite an objectively high likelihood that its actions constitute infringement of the ’744 Patent.

98. Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp. have made, used, offered to sell, sold, and/or imported into the United States image sensors including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810

and OV 9726, and continue to do so, all without authority from the patent holder. Upon information and belief, the method used to make these image sensors includes: exposing a first surface of a first element to a plasma to at least enhance activation of said first surface; terminating said first surface with a species capable of forming a chemical bond with a bond strength of at least 500 mJ/m2 without heating to a temperature more than about 200°C after exposure to said plasma; and bonding said first surface to a second surface of a second element after said terminating step; and obtaining a chemical bond with bond strength of at least 500 mJ/m2. Presentations and other public documents describing the above products in conjunction with Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp.'s activities demonstrate that they make these image sensors using such a method.

99. Upon information and belief, the structure of the image sensors discussed above in Paragraph 32 also includes: first and second materials having first and second bonding surfaces, respectively, at least one of said surfaces comprising an insulating material and at least one of said surfaces having enhanced surface activation; at least one of said first and second bonding surfaces terminated with species allowing formation of chemical bonds; and a chemical bond with a strength of at least 500 mJ/m2 formed between said first and second materials after annealing said first and second materials at a temperature of no more than about 200ºC.

100. Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp. have directly infringed and/or induced the infringement of the '744 Patent within the prohibitions of 35 U.S.C. §§ 271(a), 271(b), and/or 271(g), including but not limited to independent Claims 24, 31 and 41, and dependent Claims 25, 27, 29, 30, 32 34, 36, 37, 39, 40, 44-45 and 47 of the '744 Patent and continue to do so.

101. Representatives of Ziptronix discussed Ziptronix's technology within the image sensor field with representatives of TSMC North America as early as August 2002, subject to a Non-Disclosure Agreement (NDA).

102. Representatives of Ziptronix continued discussions with representatives of TSMC North America from August of 2002 until at least June of 2009.

103. Taiwan Semiconductor Manufacturing Company Ltd. has known since at least September 28, 2007, when a meeting took place between a representative of Ziptronix and a representative of Taiwan Semiconductor Manufacturing Company Ltd., that Ziptronix's backside illumination image sensor technology is patented.

104. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. have had actual knowledge of the '744 patent or have deliberately disregarded a known risk of the '744 patent since at least June 2009.

105. Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. have had actual knowledge of the '744 Patent since at least December 10, 2010, the date on which TSMC North America Corp. was served with the Complaint and Summons in this action.

106. Despite their knowledge of Ziptronix's technology, Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. continued with their plans to develop and produce wafers used in Omnivision's image sensors, including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, that infringe the '744 Patent.

107. Taiwan Semiconductor Manufacturing Company Ltd. is the principal supplier of wafers that Omnivision uses in its image sensor products, including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors. (Exhibit B, Omnivision 2010 Annual Report, at 5.)

108. Taiwan Semiconductor Manufacturing Company Ltd. has agreed to commit substantial wafer manufacturing capacity to Omnivision in exchange for Omnivision's commitment to purchase a substantial portion of their wafers from TSMC, subject to pricing and technology requirements. (Exhibit B, Omnivision 2010 Annual Report, at 22.)

109. Upon information and belief, Omnivision purchases a substantial number of the wafers used in the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors and/or the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors themselves from TSMC.

110. In 2010, Omnivision obtained revenue from sales in the United States. (Exhibit B, Omnivision 2010 Annual Report at 55-56, 109.)

111. As of the time Omnivision filed its 2010 Annual Report, it had two independent distributors in the United States. (Exhibit B, Omnivision 2010 Annual Report at 13.)

112. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and/or TSMC North America Corp. have induced infringement of the ’744 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage Omnivision to use, offer to sell, sell, and/or import the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(a) and/or § 271(g).

113. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and/or TSMC North America Corp. have encouraged Omnivision as described in the preceding paragraph despite Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp.’s (1) knowledge of the ’744 Patent and/or (2) deliberate disregard of a known risk of the ’744 Patent.

114. Taiwan Semiconductor Manufacturing Company Ltd.’s most significant export market is North America. (Exhibit C, TSMC 2009 Annual Report, at 66.)

115. In 2009, Taiwan Semiconductor Manufacturing Company Ltd. received $161,251,368, or 54% of its total revenue, from sales to its subsidiary TSMC North America Corp. (Exhibit C, TSMC 2009 Annual Report, at Financial Information, page 24.)

116. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. continues to receive most of its revenue from sales to TSMC North America Corp.
Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. has induced infringement of the ’744 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage TSMC North America Corp. to use, offer to sell, sell, and/or import wafers used in the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(a) and/or § 271(g).

117. Upon information and belief, Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp.’s infringement of the ’744 Patent has been willful and deliberate, despite an objectively high likelihood that their actions constitute

infringement of the '744 Patent.

118. Ziptronix has been and will continue to be damaged and irreparably injured unless this Court enjoins each Defendant's infringing activities.

**CLAIM IV – INFRINGEMENT OF U.S. PATENT NO. 7,037,755**

119. The allegations contained in Paragraphs 1 through 118 above are incorporated herein by reference.

120. On May 2, 2006, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 7,037,755 entitled "Three Dimensional Device Integration Method and Integrated Device" (hereinafter referred to as "the '755 Patent"). Ziptronix is the lawful owner of all right, title, and interest in and to the '755 Patent, including the right to sue for and recover for infringement thereof. The term of the '755 Patent has not expired. A true and correct copy of the '755 Patent is attached hereto as Exhibit F.

121. Omnivision has made, used, offered to sell, sold, and/or imported into the United States image sensors including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, and continues to do so, all without authority from the patent holder. Upon information and belief, the method used to make these image sensors includes: forming a first layer of bondable material on a first semiconductor device having a first substrate; forming a second layer of bondable material on a first element having a second substrate; polishing each of said first and second layers of bondable materials after said forming steps; bringing into direct contact said first layer of bondable material with said second layer of bondable material after said polishing; directly bonding without fusing said first layer of bondable material to said second layer of bondable material; and removing a portion of said first substrate to leave a remaining portion of said first semiconductor device after said bonding. Presentations and other public documents describing Omnivision's products demonstrate that Omnivision makes its image sensors using such a method.

122. Omnivision has directly infringed and/or induced the infringement of the '755 Patent within the prohibitions of at least 35 U.S.C. §§ 271(a), 271(b) and/or 271(g), including but not limited to independent Claim 1, and dependent Claims 14, 15, 29, 38, 39, 44 and 47 of the

’755 Patent and continues to do so.

123. Omnivision has had actual knowledge of the ’755 Patent since at least December 10, 2010, the date on which Omnivision was served with the Complaint and Summons in this action.

124. Omnivision has known about Ziptronix’s technology in the image sensor field and has known that Ziptronix’s technology is patented since at least August 2006 when a representative of Ziptronix sent a representative of Omnivision information regarding Ziptronix’s patented technology.

125. Upon information and belief, Omnivision has had actual knowledge of the ’755 patent or has deliberately disregarded a known risk of the ’755 patent since at least August 2006.

126. In 2010, Omnivision obtained revenue from sales in the United States. (Exhibit B, Omnivision 2010 Annual Report at 55-56, 109.)

127. Omnivision generates almost all of its revenue by selling products, including the Accused Products, to third-party Original Equipment Manufacturers (OEMs), Value Added Resellers (VARs), and Distributors. (Exhibit B, Omnivision 2010 Annual Report at 49.)

128. As of the time Omnivision filed its 2010 Annual Report, it had two independent distributors in the United States. (Exhibit B, Omnivision 2010 Annual Report at 13.)

129. Omnivision engages in targeted marketing efforts to sell its image sensors, including the Accused Products, and employs end-use marketing groups that target the mobile phone market, the notebook and webcam market, the digital still camera, or DSC, market, the security and surveillance market, the entertainment market, and the automotive and medical markets. (Exhibit B, Omnivision 2010 Annual Report at 4.)

130. Omnivision obtains most of its revenues from sales to the mobile phone market, which accounted for 60% of its revenue in 2010. (Exhibit B, Omnivision 2010 Annual Report at 20).

131. Upon information and belief, third-party OEMs, VARs, and Distributors use, offer for sale, sell, and/or import into the United States products including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors.

132. Upon information and belief, Omnivision has induced infringement of the ’755 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage third-party OEMs, VARs, and Distributors, to use, offer to sell, sell, and/or import products including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(g).

133. Upon information and belief, Omnivision has encouraged the OEMs, VARs, and Distributors as described in the preceding paragraph despite Omnivision’s (1) knowledge of the ’755 Patent and/or (2) deliberate disregard of a known risk of the ’755 Patent.

134. Upon information and belief, Omnivision’s infringement of the ’755 Patent has been willful and deliberate, despite an objectively high likelihood that its actions constitute infringement of the ’755 Patent.

135. Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp. have made, used, offered to sell, sold, and/or imported into the United States image sensors including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, and continue to do so, all without authority from the patent holder. Upon information and belief, the method used to make these image sensors includes: forming a first layer of bondable material on a first semiconductor device having a first substrate; forming a second layer of bondable material on a first element having a second substrate; polishing each of said first and second layers of bondable materials after said forming steps; bringing into direct contact said first layer of bondable material with said second layer of bondable material after said polishing; directly bonding without fusing said first layer of bondable material to said second layer of bondable material; and removing a portion of said first substrate to leave a remaining portion of said first semiconductor device after said bonding. Presentations and other public documents describing the above products in conjunction with Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp.’s activities demonstrate that they make these image sensors using such a method.

136. Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp. have directly infringed and/or induced the infringement of the ’755

Patent within the prohibitions of at least 35 U.S.C. §§ 271(a), 271(b) and/or 271(g), including but not limited to independent Claim 1, and dependent Claims 14, 15, 29, 38, 39, 44 and 47 of the ’755 Patent and continue to do so.

137. Representatives of Ziptronix discussed Ziptronix’s technology within the image sensor field with representatives of TSMC North America as early as August 2002, subject to a Non-Disclosure Agreement (NDA).

138. Representatives of Ziptronix continued discussions with representatives of TSMC North America from August of 2002 until at least June of 2009.

139. Taiwan Semiconductor Manufacturing Company Ltd. has known since at least September 28, 2007, when a meeting took place between a representative of Ziptronix and a representative of Taiwan Semiconductor Manufacturing Company Ltd., that Ziptronix’s backside illumination image sensor technology is patented.

140. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. have had actual knowledge of the ’755 patent or have deliberately disregarded a known risk of the ’755 patent since at least September 2007.

141. Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. have had actual knowledge of the ’755 Patent since at least December 10, 2010, the date on which TSMC North America Corp. was served with the Complaint and Summons in this action.

142. Despite their knowledge of Ziptronix’s technology, Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. continued with their plans to develop and produce wafers used in Omnivision’s image sensors, including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, that infringe the ’755 Patent.

143. Taiwan Semiconductor Manufacturing Company Ltd. is the principal supplier of wafers that Omnivision uses in its image sensor products, including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors. (Exhibit B, Omnivision 2010 Annual Report, at 5.)

144. Taiwan Semiconductor Manufacturing Company Ltd. has agreed to commit substantial wafer manufacturing capacity to Omnivision in exchange for Omnivision’s

commitment to purchase a substantial portion of their wafers from TSMC, subject to pricing and technology requirements. (Exhibit B, Omnivision 2010 Annual Report, at 22.)

145. Upon information and belief, Omnivision purchases a substantial number of the wafers used in the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors from TSMC.

146. In 2010, Omnivision obtained revenue from sales in the United States. (Exhibit B, Omnivision 2010 Annual Report at 55-56, 109.)

147. As of the time Omnivision filed its 2010 Annual Report, it had two independent distributors in the United States. (Exhibit B, Omnivision 2010 Annual Report at 13.)

148. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and/or TSMC North America Corp. have induced infringement of the ’755 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage Omnivision to use, offer to sell, sell, and/or import the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(g).

149. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and/or TSMC North America Corp. have encouraged Omnivision as described in the preceding paragraph despite Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp.’s (1) knowledge of the ’755 Patent and/or (2) deliberate disregard of a known risk of the ’755 Patent.

150. Taiwan Semiconductor Manufacturing Company Ltd.’s most significant export market is North America. (Exhibit C, TSMC 2009 Annual Report, at 66.)

151. In 2009, Taiwan Semiconductor Manufacturing Company Ltd. received $161,251,368, or 54% of its total revenue, from sales to its subsidiary TSMC North America Corp. (Exhibit C, TSMC 2009 Annual Report, at Financial Information, page 24.)

152. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. continues to receive most of its revenue from sales to TSMC North America Corp.

153. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd.

has induced infringement of the ’755 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage TSMC North America Corp. to use, offer to sell, sell, and/or import wafers used in the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(g).

154. Upon information and belief, Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp.’s infringement of the ’755 Patent has been willful and deliberate, despite an objectively high likelihood that their actions constitute infringement of the ’755 Patent.

155. Ziptronix has been and will continue to be damaged and irreparably injured unless this Court enjoins each Defendant’s infringing activities.

**CLAIM V – INFRINGEMENT OF U.S. PATENT NO. 6,864,585**

156. The allegations contained in Paragraphs 1 through 155 above are incorporated herein by reference.

157. On March 8, 2005, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 6,864,585 entitled “Three Dimensional Device Integration Method and Integrated Device” (hereinafter referred to as “the ’585 Patent”). Ziptronix is the lawful owner of all right, title, and interest in and to the ’585 Patent, including the right to sue for and recover for infringement thereof. The term of the ’585 Patent has not expired. A true and correct copy of the ’585 Patent is attached hereto as Exhibit G.

158. Omnivision has made, used, offered to sell, sold, and/or imported into the United States image sensors including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, and continues to do so, all without authority from the patent holder. Upon information and belief, the structure of these image sensors includes: a plurality of first semiconductor devices respectively disposed in first substrate portions; a first layer of bonding material disposed on each of said plurality of first semiconductor devices, said first layer having a first polished surface; and a first element having a second polished surface consisting of polished bonding material; each of said first polished surfaces bonded in direct contact with said second polished surface without fusing and with a bond strength sufficient to allow removal of a portion of each of a plurality of

said first substrate portions after said first polished surfaces are bonded to said polished surface. Presentations and other public documents describing Omnivision's products demonstrate that Omnivision makes such image sensors.

159. Omnivision has directly infringed and/or induced the infringement of the '585 Patent within the prohibitions of at least 35 U.S.C. §§ 271(a), 271(b), and/or 271(g), including but not limited to independent Claim 87, and dependent Claims 88, 90, 91, 96, 97 and 99 of the '585 Patent and continues to do so.

160. Omnivision has had actual knowledge of the '585 Patent since at least December 10, 2010, the date on which Omnivision was served with the Complaint and Summons in this action.

161. Omnivision has known about Ziptronix's technology in the image sensor field and has known that Ziptronix's technology is patented since at least August 2006 when a representative of Ziptronix sent a representative of Omnivision information regarding Ziptronix's patented technology.

162. Upon information and belief, Omnivision has had actual knowledge of the '585 patent or has deliberately disregarded a known risk of the '585 patent since at least August 2006.

163. In 2010, Omnivision obtained revenue from sales in the United States. (Exhibit B, Omnivision 2010 Annual Report at 55-56, 109.)

164. Omnivision generates almost all of its revenue by selling products, including the Accused Products, to third-party Original Equipment Manufacturers (OEMs), Value Added Resellers (VARs), and Distributors. (Exhibit B, Omnivision 2010 Annual Report at 49.)

165. As of the time Omnivision filed its 2010 Annual Report, it had two independent distributors in the United States. (Exhibit B, Omnivision 2010 Annual Report at 13.)

166. Omnivision engages in targeted marketing efforts to sell its image sensors, including the Accused Products, and employs end-use marketing groups that target the mobile phone market, the notebook and webcam market, the digital still camera, or DSC, market, the security and surveillance market, the entertainment market, and the automotive and medical markets. (Exhibit B, Omnivision 2010 Annual Report at 4.)

167. Omnivision obtains most of its revenues from sales to the mobile phone market, which accounted for 60% of its revenue in 2010. (Exhibit B, Omnivision 2010 Annual Report at 20).

168. Upon information and belief, third-party OEMs, VARs, and Distributors use, offer for sale, sell, and/or import into the United States products including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors.

169. Upon information and belief, Omnivision has induced infringement of the ’585 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage third-party OEMs, VARs, and Distributors, to use, offer to sell, sell, and/or import products including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(a).

170. Upon information and belief, Omnivision has encouraged the OEMs, VARs, and Distributors as described in the preceding paragraph despite Omnivision’s (1) knowledge of the ’585 Patent and/or (2) deliberate disregard of a known risk of the ’585 Patent.

171. Upon information and belief, Omnivision’s infringement of the ’585 Patent has been willful and deliberate, despite an objectively high likelihood that its actions constitute infringement of the ’585 Patent.

172. Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp. have made, used, offered to sell, sold, and/or imported into the United States image sensors including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, and continue to do so, all without authority from the patent holder. Upon information and belief, the structure of these image sensors includes: a plurality of first semiconductor devices respectively disposed in first substrate portions; a first layer of bonding material disposed on each of said plurality of first semiconductor devices, said first layer having a first polished surface; and a first element having a second polished surface consisting of polished bonding material; each of said first polished surfaces bonded in direct contact with said second polished surface without fusing and with a bond strength sufficient to allow removal of a portion of each of a plurality of said first substrate portions after said first polished surfaces are bonded to

said polished surface. Presentations and other public documents describing the above products in conjunction with Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp.'s activities demonstrate that they make such image sensors.

173. Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp. have directly infringed and/or induced the infringement of the '585 Patent within the prohibitions of at least 35 U.S.C. §§ 271(a), 271(b) and/or 271(g), including but not limited to independent Claim 87, and dependent Claims 88, 90, 91, 96, 97 and 99 of the '585 Patent and continue to do so.

174. Representatives of Ziptronix discussed Ziptronix's technology within the image sensor field with representatives of TSMC North America as early as August 2002, subject to a Non-Disclosure Agreement (NDA).

175. Representatives of Ziptronix continued discussions with representatives of TSMC North America from August of 2002 until at least June of 2009.

176. Taiwan Semiconductor Manufacturing Company Ltd. has known since at least September 28, 2007, when a meeting took place between a representative of Ziptronix and a representative of Taiwan Semiconductor Manufacturing Company Ltd., that Ziptronix's backside illumination image sensor technology is patented.

177. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. have had actual knowledge of the '585 patent or have deliberately disregarded a known risk of the '585 patent since at least September 2007.

178. Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. have had actual knowledge of the '585 Patent since at least December 10, 2010, the date on which TSMC North America Corp. was served with the Complaint and Summons in this action.

179. Despite their knowledge of Ziptronix's technology, Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. continued with their plans to develop and produce wafers used in Omnivision's image sensors, including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, that infringe the '585 Patent.

180. Taiwan Semiconductor Manufacturing Company Ltd. is the principal supplier of wafers that Omnivision uses in its image sensor products, including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors. (Exhibit B, Omnivision 2010 Annual Report, at 5.)

181. Taiwan Semiconductor Manufacturing Company Ltd. has agreed to commit substantial wafer manufacturing capacity to Omnivision in exchange for Omnivision's commitment to purchase a substantial portion of their wafers from TSMC, subject to pricing and technology requirements. (Exhibit B, Omnivision 2010 Annual Report, at 22.)

182. Upon information and belief, Omnivision purchases a substantial number of the wafers used in the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors and/or the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors themselves from TSMC.

183. In 2010, Omnivision obtained revenue from sales in the United States. (Exhibit B, Omnivision 2010 Annual Report at 55-56, 109.)

184. As of the time Omnivision filed its 2010 Annual Report, it had two independent distributors in the United States. (Exhibit B, Omnivision 2010 Annual Report at 13.)

185. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and/or TSMC North America Corp. have induced infringement of the '585 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage Omnivision to use, offer to sell, sell, and/or import the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(a).

186. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and/or TSMC North America Corp. have encouraged Omnivision as described in the preceding paragraph despite Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp.'s (1) knowledge of the '585 Patent and/or (2) deliberate disregard of a known risk of the '585 Patent.

187. Taiwan Semiconductor Manufacturing Company Ltd.'s most significant export

market is North America. (Exhibit C, TSMC 2009 Annual Report, at 66.)

188. In 2009, Taiwan Semiconductor Manufacturing Company Ltd. received $161,251,368, or 54% of its total revenue, from sales to its subsidiary TSMC North America Corp. (Exhibit C, TSMC 2009 Annual Report, at Financial Information, page 24.)

189. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. continues to receive most of its revenue from sales to TSMC North America Corp.

190. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. has induced infringement of the ’585 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage TSMC North America Corp. to use, offer to sell, sell, and/or import wafers used in the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(a).

191. Upon information and belief, Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp.’s infringement of the ’585 Patent has been willful and deliberate, despite an objectively high likelihood that their actions constitute infringement of the ’585 Patent.

192. Ziptronix has been and will continue to be damaged and irreparably injured unless this Court enjoins each Defendant’s infringing activities.

## CLAIM VI – INFRINGEMENT OF U.S. PATENT NO. 7,807,549

193. The allegations contained in Paragraphs 1 through 192 above are incorporated herein by reference.

194. On October 5, 2010, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 7,807,549 entitled “Method for Low Temperature Bonding and Bonded Structure” (hereinafter referred to as “the ’549 Patent”). Ziptronix is the lawful owner of all right, title, and interest in and to the ’549 Patent, including the right to sue for and recover for infringement thereof. The term of the ’549 Patent has not expired. A true and correct copy of the ’549 Patent is attached hereto as Exhibit H.

195. Omnivision has made, used, offered to sell, sold, and/or imported into the United States image sensors including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV

9726, and continues to do so, all without authority from the patent holder. Upon information and belief, the method used to make these image sensors includes: exposing a first surface of a first element to a plasma to at least enhance activation of said first surface; terminating said first surface with a species capable of forming a chemical bond with a bond strength of at least 500 mJ/m2 without heating to a temperature more than about 200ºC; and bringing together said first surface and a second surface of a second element after said terminating; and obtaining a chemical bond with a bond strength of at least 500 mJ/m2. Presentations and other public documents describing Omnivision's products demonstrate that Omnivision makes its image sensors using such a method.

196. Upon information and belief, the structure of the image sensors discussed above in Paragraph 57 also includes: a first material having a first bonding surface; a second material having a second bonding surface; said first bonding surface having enhanced surface activation; said first bonding surface terminated with species allowing formation of chemical bonds of a strength of at least 500 mJ/m2 at a temperature of no more than about 200ºC; and a chemical bond formed between said first material and said second material.

197. Omnivision has directly infringed and/or induced the infringement of the '549 Patent within the prohibitions of at least 35 U.S.C. §§ 271(a), 271(b) and/or 271(g), including but not limited to independent Claims 41, 53, and 95 and dependent Claims 42-49, 50-52, 54-77, 78, 82-94, 96-98, and 99-111 of the '549 Patent and continues to do so.

198. Omnivision has had actual knowledge of the '549 Patent since at least December 10, 2010, the date on which Omnivision was served with the Complaint and Summons in this action.

199. Omnivision has known about Ziptronix's technology in the image sensor field and has known that Ziptronix's technology is patented since at least August 2006 when a representative of Ziptronix sent a representative of Omnivision information regarding Ziptronix's patented technology.

200. Upon information and belief, Omnivision has had actual knowledge of the '549 Patent or has deliberately disregarded a known risk of the '549 Patent since at least October 2010.

201. In 2010, Omnivision obtained revenue from sales in the United States. (Exhibit B, Omnivision 2010 Annual Report at 55-56, 109.)

202. Omnivision generates almost all of its revenue by selling products, including the Accused Products, to third-party Original Equipment Manufacturers (OEMs), Value Added Resellers (VARs), and Distributors. (Exhibit B, Omnivision 2010 Annual Report at 49.)

203. As of the time Omnivision filed its 2010 Annual Report, it had two independent distributors in the United States. (Exhibit B, Omnivision 2010 Annual Report at 13.)

204. Omnivision engages in targeted marketing efforts to sell its image sensors, including the Accused Products, and employs end-use marketing groups that target the mobile phone market, the notebook and webcam market, the digital still camera, or DSC, market, the security and surveillance market, the entertainment market, and the automotive and medical markets. (Exhibit B, Omnivision 2010 Annual Report at 4.)

205. Omnivision obtains most of its revenues from sales to the mobile phone market, which accounted for 60% of its revenue in 2010. (Exhibit B, Omnivision 2010 Annual Report at 20).

206. Upon information and belief, third-party OEMs, VARs, and Distributors use, offer for sale, sell, and/or import into the United States products including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors.

207. Upon information and belief, Omnivision has induced infringement of the ’549 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage third-party OEMs, VARs, and Distributors, to use, offer to sell, sell, and/or import products including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(a) and/or § 271(g).

208. Upon information and belief, Omnivision has encouraged the OEMs, VARs, and Distributors as described in the preceding paragraph despite Omnivision’s (1) knowledge of the ’549 Patent and/or (2) deliberate disregard of a known risk of the ’549 Patent.

209. Upon information and belief, Omnivision’s infringement of the ’549 Patent has been willful and deliberate, despite an objectively high likelihood that its actions constitute

infringement of the ’549 Patent.

210. Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp. have made, used, offered to sell, sold, and/or imported into the United States image sensors including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, and continue to do so, all without authority from the patent holder. Upon information and belief, the method used to make these image sensors includes: exposing a first surface of a first element to a plasma to at least enhance activation of said first surface; terminating said first surface with a species capable of forming a chemical bond with a bond strength of at least 500 mJ/m2 without heating to a temperature more than about 200ºC; and bringing together said first surface and a second surface of a second element after said terminating; and obtaining a chemical bond with a bond strength of at least 500 mJ/m2. Presentations and other public documents describing the above products in conjunction with Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp.’s activities demonstrate that they make these image sensors using such a method.

211. Upon information and belief, the structure of the image sensors discussed above in Paragraph 61 also includes: a first material having a first bonding surface; a second material having a second bonding surface; said first bonding surface having enhanced surface activation; said first bonding surface terminated with species allowing formation of chemical bonds of a strength of at least 500 mJ/m2 at a temperature of no more than about 200ºC; and a chemical bond formed between said first material and said second material.

212. Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp. have directly infringed and/or induced the infringement of the ’549 Patent within the prohibitions of at least 35 U.S.C. §§ 271(a), 271(b) and/or 271(g), including but not limited to independent Claims 41, 53, and 95 and dependent Claims 42-49, 50-52, 54-77, 78, 82-94, 96-98, and 99-111 of the ’549 Patent and continue to do so.

213. Representatives of Ziptronix discussed Ziptronix’s technology within the image sensor field with representatives of TSMC North America as early as August 2002, subject to a Non-Disclosure Agreement (NDA).

214. Representatives of Ziptronix continued discussions with representatives of TSMC North America from August of 2002 until at least June of 2009.

215. Taiwan Semiconductor Manufacturing Company Ltd. has known since at least September 28, 2007, when a meeting took place between a representative of Ziptronix and a representative of Taiwan Semiconductor Manufacturing Company Ltd., that Ziptronix's backside illumination image sensor technology is patented.

216. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. have had actual knowledge of the '549 Patent or have deliberately disregarded a known risk of the '549 Patent since at least October 2010.

217. Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. have had actual knowledge of the '549 Patent since at least December 10, 2010, the date on which TSMC North America Corp. was served with the Complaint and Summons in this action.

218. Despite their knowledge of Ziptronix's technology, Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. continued with their plans to develop and produce wafers used in Omnivision's image sensors, including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726, that infringe the '549 Patent.

219. Taiwan Semiconductor Manufacturing Company Ltd. is the principal supplier of wafers that Omnivision uses in its image sensor products, including the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors. (Exhibit B, Omnivision 2010 Annual Report, at 5.)

220. Taiwan Semiconductor Manufacturing Company Ltd. has agreed to commit substantial wafer manufacturing capacity to Omnivision in exchange for Omnivision's commitment to purchase a substantial portion of their wafers from TSMC, subject to pricing and technology requirements. (Exhibit B, Omnivision 2010 Annual Report, at 22.)

221. Upon information and belief, Omnivision purchases a substantial number of the wafers used in the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors and/or the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors themselves from TSMC.

222. In 2010, Omnivision obtained revenue from sales in the United States. (Exhibit B, Omnivision 2010 Annual Report at 55-56, 109.)

223. As of the time Omnivision filed its 2010 Annual Report, it had two independent distributors in the United States. (Exhibit B, Omnivision 2010 Annual Report at 13.)

224. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and/or TSMC North America Corp. have induced infringement of the '549 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage Omnivision to use, offer to sell, sell, and/or import the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(a) and/or § 271(g).

225. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. and/or TSMC North America Corp. have encouraged Omnivision as described in the preceding paragraph despite Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp.'s (1) knowledge of the '549 Patent and/or (2) deliberate disregard of a known risk of the '549 Patent.

226. Taiwan Semiconductor Manufacturing Company Ltd.'s most significant export market is North America. (Exhibit C, TSMC 2009 Annual Report, at 66.)

227. In 2009, Taiwan Semiconductor Manufacturing Company Ltd. received $161,251,368, or 54% of its total revenue, from sales to its subsidiary TSMC North America Corp. (Exhibit C, TSMC 2009 Annual Report, at Financial Information, page 24.)

228. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. continues to receive most of its revenue from sales to TSMC North America Corp.

229. Upon information and belief, Taiwan Semiconductor Manufacturing Company Ltd. has induced infringement of the '549 Patent within the prohibitions of 35 U.S.C. § 271(b) by acting with specific intent to actively and knowingly encourage TSMC North America Corp. to use, offer to sell, sell, and/or import wafers used in the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810, or OV 9726 image sensors in the United States in violation of 35 U.S.C. § 271(a) and/or § 271(g).

230. Upon information and belief, Defendant Taiwan Semiconductor Manufacturing Company Ltd. and/or Defendant TSMC North America Corp.'s infringement of the '549 Patent has been willful and deliberate, despite an objectively high likelihood that its actions constitute infringement of the '549 Patent.

231. Ziptronix has been and will continue to be damaged and irreparably injured unless this Court enjoins each Defendant's infringing activities.

## PRAYER FOR RELIEF

WHEREFORE, Ziptronix respectfully seeks that the Court grant the following relief:

1. Enter judgment for Ziptronix and against each Defendant for infringement of the '944 Patent;
2. Enter judgment for Ziptronix and against each Defendant for infringement of the '572 Patent;
3. Enter judgment for Ziptronix and against each Defendant for infringement of the '744 Patent;
4. Enter judgment for Ziptronix and against each Defendant for infringement of the '755 Patent;
5. Enter judgment for Ziptronix and against each Defendant for infringement of the '585 Patent;
6. Enter judgment for Ziptronix and against each Defendant for infringement of the '549 Patent;
7. Enter judgment that the infringement of each Defendant was and is willful;
8. Permanently enjoin each Defendant, its officers, directors, principals, agents, sales representatives, servants, employees, successors, assigns, affiliates, subsidiaries and all those acting in concert or participation with them, from directly or indirectly infringing, inducing infringement or contributing to the infringement of any claim of the '944 Patent, the '572 Patent, '744 Patent, the '755 Patent, the '585 Patent, or the '549 Patent;

9. Enter judgment in favor of Ziptronix and against each Defendant for an amount that will adequately compensate it for each Defendant's infringement, but under no circumstances an amount less than a reasonable royalty for each Defendant's use of Ziptronix's patented inventions;

10. Enter judgment in favor of Ziptronix and against each Defendant for pre-judgment interest on all damages awarded;

11. Enter judgment in favor of Ziptronix and against each Defendant for three times the amount of damages pursuant to 35 U.S.C. § 284 because of their willful infringement;

12. Enter judgment in favor of Ziptronix and against each Defendant for Ziptronix's attorneys' fees and costs pursuant to 35 U.S.C. § 285;

13. Enter judgment in favor of Ziptronix and against each Defendant for Ziptronix's costs of suit; and

14. Enter such other and further relief as the Court may deem just and proper.[4]

DATED: April 20, 2011

Respectfully submitted,

ALSTON & BIRD LLP

By: */s/ Jitendra Malik*
Jitendra Malik
Attorneys for Plaintiff
ZIPTRONIX, INC.

[4] Depending on the outcome of prosecution, Ziptronix may also assert U.S. Patent App. Ser. Nos. 12/493,957 and 12/720,368. Each Defendant is on notice of these patent applications under the relevant provisions of 35 U.S.C. § 154(d), and Ziptronix reserves the right to seek any remedy permitted under 35 U.S.C. § 154(d).

## **DEMAND FOR JURY TRIAL**

Plaintiff Ziptronix hereby demands a jury trial for all issues so triable.

DATED: April 20, 2011

Respectfully submitted,

ALSTON & BIRD LLP

By: */s/ Jitendra Malik*
Jitendra Malik
Attorneys for Plaintiff
ZIPTRONIX, INC.