UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZIPTRONIX, INC., <br><br> Plaintiff, <br><br> vs. <br><br> OMNIVISION TECHNOLOGIES, INC., et al., <br><br> Defendants. | Case No: C 10-5525 SBA <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS** <br><br> Docket 52 |

Plaintiff Ziptronix, Inc. ("Plaintiff") brought the instant patent infringement action against Defendants Omnivision Technologies, Inc. ("Omnivision"), Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. pursuant to 35 U.S.C. § 271. The parties are presently before the Court on Plaintiff's motion to dismiss the patent infringement counterclaims of Defendants Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. ("Defendants") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 52. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's motion to dismiss for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.    BACKGROUND**

Plaintiff is a North Carolina corporation that develops technologies concerning semiconductor integration processes and owns patents related to these processes, including U.S. Patent No. 7,387,944; U.S. Patent No. 7,335,572; U.S. Patent No. 7,553,744; U.S. Patent No. 7,037,755; U.S. Patent No. 6,864,585; and U.S. Patent No. 7,807,549. On December 6, 2010, Plaintiff filed a complaint asserting patent infringement against

Omnivision and Defendants. Dkt. 1. After Omnivision and Defendants brought motions to dismiss, Plaintiff, Omnivision and Defendants stipulated to the filing of an amended complaint by Plaintiff, which was filed on April 20, 2011. Dkt. 43, 44. In response to the amended complaint, Omnivision and Defendants withdrew their motions to dismiss. Dkt. 45, 46.

In the amended complaint, Plaintiff alleges that Omnivision and Defendants violated each of these patents when they "made, used, offered to sell, sold, and/or imported into the United States image sensors including at least OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726" without Plaintiff's permission. See, e.g., Dkt. 44 ¶¶ 9, 10, 13, 24, 47, 61, 83, 84, 98, 121, 135, 158, 173, 195, 196, 210, 211. Plaintiff alleges that Omnivision and Defendants violated its patents by using each step of the method covered by its patents when creating the image sensors in OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726. See, e.g., id. ¶¶ 10, 13, 24, 47, 61, 98, 121, 135, 158, 172, 195, 196, 210, 211. Plaintiff specifically identifies each of the steps used by Omnivision and Defendants that allegedly violate each of the patents. See, e.g., id. 11, 12, 25, 43, 47, 61, 85, 98, 99, 117, 121, 136, 154, 159, 173, 191, 197, 212. Plaintiff alleges that Omnivision and Defendants have directly infringed and induced infringement of each of the patents, and the infringement has been willful and deliberate. Id. With regard to the allegations that Omnivision induced infringement, Plaintiffs allege that third-parties Original Equipment Manufacturers ("OEMS"), VARs ("Value Added Resellers") and Distributors "use, offer for sale, sell, and/or import" the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors. See, e.g., id. 21, 58, 60, 100, 94, 131, 169, 207, 230. Plaintiff avers that Defendants induced Omnivision to "use, offer for sale, sell, and/or import" the OV 5642, OV 5650, OV 5653, OV 8812, OV 8810 and OV 9726 image sensors. See, e.g., id. 37, 74, 112, 148, 185, 224.

On May 4, 2011, Defendants filed their answer to the amended complaint and also asserted counterclaims against Plaintiff. Dkt. 49. Defendants own five patents, including U.S. Patent No. 6,682,981; U.S. Patent No. 7,307,020; U.S. Patent No. 6,765,279; U.S.

Patent No. 7,385,835; and U.S. Patent No. 6,350,694. Dkt. 49 ¶¶ 7-55. In the First and Third through Seventh Counterclaims, Defendants allege that Plaintiff directly infringes their patents by "making, using, offering for sale, and/or selling" Direct Bond Interconnect ("DBI") technology "related to thinned integrated circuits, three-dimensional integration of integrated circuits and three-dimensional interconnection of integrated circuits." See, e.g., Id. ¶ 11, 30, 40, 50. In these counterclaims, Defendants also allege that Plaintiff contributorily infringed and/or induced infringement by licensing the DBI technology to "OEMs, IDMs, fabless companies and foundries, including Raytheon Vision Systems."[1] See, e.g., id. ¶¶ 13, 32, 33, 41-43, 51-53. With regard to the Second Counterclaim, Defendants allege that Plaintiff induced infringement and/or contributorily infringed U.S. Patent 7,307,020 by licensing the DBI technology to OEMs, IDMs, fabless companies and foundries, including Raytheon Vision Systems. See, e.g., id. 20, 21, 22. In stark contrast to the detail in Plaintiff's amended complaint, Defendants' counterclaims do not identify any alleged infringing product manufactured by Plaintiff and do not detail specific infringing steps of the method allegedly infringing the method protected by Defendants' patents. Moreover, again in contrast to Plaintiff's specific factual allegations, Defendants conclusorily allege that Plaintiff's infringement was deliberate and willful. See, e.g., id. 24. Defendants include references to certain websites in their counterclaims, but, as of the present date, the websites have expired, and therefore the information contained therein cannot be accessed.

On May 31, 2011, Plaintiff brought the instant motion to dismiss Defendants' counterclaims under Federal Rule of Civil Procedure 12(b)(6). Plaintiff argues that Defendants' patent infringement counterclaims must be dismissed because they do not provide Plaintiff with adequate notice of the alleged infringement, including by failing to identify infringing products. On October 4, 2011, Defendants filed their opposition,

---

[1] Defendants do not define "IDMs" or "fabless companies and foundries" in their counterclaim.

asserting that their patent infringement counterclaims involved method claims, not product claims, and therefore the claims were pleaded with sufficient specificity.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). If a complaint fails to satisfy Rule 8, it "must be dismissed" under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. The pleadings must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

When considering a motion to dismiss under Rule 12(b)(6), a court must take the allegations as true and construe them in the light most favorable to plaintiff. See Leatherman v. Tarrant Cnty Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ––– U.S. ––––, 129 S.Ct. 1937, 1949–50 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations ." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557). In the event dismissal is warranted, it is generally with leave to amend, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir.2005); Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir.2002).

Defendants contend that the Twombly/Iqbal standard does not apply to direct patent infringement claims, but does to indirect patent infringement claims. As noted by Plaintiffs, this Court has already determined that the Twombly/Iqbal standard applies to both direct and indirect patent infringement claims. Bender v. Motorola, Inc., C 09-1245 SBA, 2010 WL 726739, **3-4 (N.D. Cal. 2010) (Armstrong, J.). Nevertheless, even if the Twombly/Iqbal standard does not apply to direct patent claims, Defendants' allegations are inadequate for the reasons stated below.

## III.   DISCUSSION

Direct infringement claims are governed by 35 U.S.C. § 271(a), which states, "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent therefor, infringes the patent." Form 18 in the Appendix to the Federal Rules of Civil Procedure provides a sample complaint for direct patent infringement. See also Fed.R.Civ.P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."). The form instructs a plaintiff to include:

> 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages.

McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed.Cir.2007) (emphasis added).

The third element of Form 18 involves allegations of infringement by, among other means, "using" the patent. "Use" of a patented method or process is fundamentally different from "use" of a patented system or device. NTP, Inc. v. Research In Motion, Ltd., 418 F.3d 1282, 1317 (Fed. Cir. 2005). A distinction exists between a patent infringement claim with regard to a product, device, or apparatus, all of which are tangible items, and a claim to a process, which consists of a series of acts or steps. In re Kollar, 286 F.3d 1326, 1332 (Fed.Cir.2002). "[A process] consists of doing something, and therefore has to be carried out or performed." Id.; see also Joy Techs., Inc. v. Flakt, Inc., 6 F.3d 770, 773

- 5 -

(Fed.Cir.1993) ("The law is unequivocal that the sale of equipment to perform a process is not a sale of the process within the meaning of section 271(a)."). Hence, "a method or process consists of one or more operative steps, and, accordingly, '[i]t is well established that a patent for a method or process is not infringed unless all steps or stages of the claimed process are utilized.'" NTP, Inc., 418 F.3d at 1317 (quoting Roberts Dairy Co. v. United States, 530 F.2d 1342, 1354 (1976)). Thus, with a method patent infringement claim, to properly allege "use" of the patent, the patentee must identify the steps of the claimed infringing process that allegedly violated the protected method and must allege that all the protected steps have been used by the infringer. Roberts Dairy Co., 530 F.2d at 1354 ("Thus, in order to find infringement in [a method] case, each and every step of each of the claims of the patents in suit, or an equivalent thereof, must have been practiced by the defendant."); Desenberg v. Google, Inc., 392 Fed. Appx. 868, 870-71, 2010 WL 3452493, **2-3 (Fed. Cir. 2010) (affirming district court's decision to grant Rule 12(b)(6) motion to dismiss for failure to state a claim for infringement of a patented method because the complaint failed to allege that the infringer performed all the steps of the claimed method or that the infringer directed or controlled the performance by multiple parties of all the steps of the claimed method) (citing BMC Resources v. Paymentech, L.P., 498 F.3d 1373, 1380-81 (Fed. Cir. 2007)).

Although Defendants contend they assert method claims, they have set forth none of the steps of Plaintiff's alleged infringing method. Moreover, their counterclaims contain no allegation that all steps and stages of their protected process have been used by Plaintiff. Consequently, Defendants' claims of direct infringement are insufficient to provide Plaintiff with notice of the alleged infringement, and, as to these claims, the Court GRANTS Plaintiff's motion to dismiss.

Turning to Defendants' indirect claims, to prevail on an indirect patent infringement claim, the patentee must establish first that there has been direct infringement. Bender, 2010 WL 726739, at *4; DSU Medical Corp. v. JMS Co. Ltd., 471 F.3d 1293, 1303 (2006) ("the patentee always has the burden to show direct infringement for each instance of

indirect infringement"); Joy Techs., Inc., 6 F.3d at 774 ("Liability for either active inducement of infringement or contributory infringement is dependent upon the existence of direct infringement."). As Defendants have failed to establish direct infringement, their indirect infringement claims are insufficient. See Bender, 2010 WL 726739, at *4 (finding allegations of indirect claims insufficient because allegations of direct claims were insufficient). Consequently, the Court GRANTS Plaintiff's motion to dismiss Defendants' indirect patent infringement claims.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to dismiss Defendants' counterclaims is GRANTED, with leave to amend. Defendants shall file their amended counterclaims within fourteen (14) days from the date this Order is filed. The failure to timely amend will result in the dismissal of said counterclaims with prejudice.

2. The parties shall appear for a telephonic Case Management Conference on **January 26, 2012 at 3:30 p.m.** Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement. Plaintiff is responsible for filing the joint statement no less than seven (7) days prior to the conference date. The joint statement shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court. Plaintiff is responsible for setting up the conference call. On the specified date and time for the Case Management Conference, Plaintiff shall call (510) 637-3559 with all parties on the line.

3. This Order terminates Docket 52.

IT IS SO ORDERED.

Dated: November 7, 2011

_Saundra B. Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge