SEAN P. DEBRUINE (SBN 168071)
sean.debruine@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, California  94025-4008
Telephone:     (650) 838-2000
Facsimile:     (650) 838-2001

RICHARD M. MCDERMOTT (*pro hac vice*)
rick.mcdermott@alston.com
JEFFREY M. CONNOR (*pro hac vice*)
jeffrey.connor@alston.com
JITENDRA MALIK (*pro hac vice*)
jitty.malik@alston.com
TRAVIS J. IAMS (*pro hac vice*)
travis.iams@alston.com
ALSTON & BIRD, LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina  28280-4000
Telephone:     (704) 444-1000
Facsimile:     (704) 444-1111

Attorneys for Plaintiff
ZIPTRONIX, INC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ZIPTRONIX, INC., | Case No.: 4:10-cv-05525-SBA |
| Plaintiff, | |
| v. | **PLAINTIFF ZIPTRONIX'S ANSWER TO DEFENDANT TAIWAN SEMICONDUCTER MANUFACTURING COMPANY LTD. AND TSMC NORTH AMERICA CORP.'S FIRST AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT AND DECLARATORY RELIEF** |
| OMNIVISION TECHNOLOGIES, INC., TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LTD., and TSMC NORTH AMERICA CORP. | |
| Defendants. | **DEMAND FOR A JURY TRIAL** |
| | Judge:  Hon. Sandra Brown Armstrong |
| | Date Comp. Filed:  December 6, 2010 |
| | Trial Date:  Not Assigned |

PLAINTIFF ZIPTRONIX'S ANSWER TO DEFENDANT TSMC'S
FIRST AMENDED COUNTERLCLAIMS FOR PATENT
INFRINGEMENT AND DECLARATORY RELIEF

Case No.: 4:10-cv-05525-SBA

Plaintiff Ziptronix, Inc. ("Ziptronix") answers the First Amended Counterclaims of Defendants Taiwan Semiconductor Manufacturing Company Ltd. ("TSMC Ltd.") and TSMC North America Corp. ("TSMC NA") (collectively "TSMC") as follows:

## GENERAL ALLEGATIONS

1. Ziptronix incorporates by reference and repeats its allegations set forth in paragraphs 1-231 of its First Amended Complaint for Patent Infringement (Dkt. No. 44).

2. Ziptronix admits that TSMC's counterclaims arises under the United States Patent Laws, Title 35 of the United States Code and is an action for patent infringement under § 271. Ziptronix further admits that the provisions for declaratory judgment arise under §§ 2201 – 2202 of Title 28 of the United States Code.  Except as admitted above, Ziptronix denies the remaining allegations of paragraph 2 of TSMC's First Amended Counterclaims.

3. Ziptronix admits the allegations in paragraph 3 of TSMC's First Amended Counterclaims.

4. Ziptronix admits the allegations in paragraph 4 of TSMC's First Amended Counterclaims.

5. Ziptronix admits that it is a North Carolina company having a principal place of business in Morrisville, North Carolina.  Ziptronix also admits that with regard to TSMC's counterclaims Ziptronix has submitted itself to the personal jurisdiction of this Court by filing this action in this Court.

6. Ziptronix denies the allegations of paragraph 6 of TSMC's First Amended Counterclaims.

## FIRST COUNTERCLAIM

### (Infringement of U.S. Patent No. 6,682,981)

7. Ziptronix incorporates by references its allegations set forth in paragraphs 1-231 of its First Amended Complaint for Patent Infringement (Dkt. No. 44) and also its Answer in the above paragraphs 1-6.

8. Ziptronix admits that on January 27, 2004 the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 6,682,981 entitled "Stress Controlled Dielectric Integrated Circuit Fabrication" ("the '981 Patent") and that Exhibit A attached to TSMC's First Amended Counterclaims appears to be a copy of the '981 Patent.  Ziptronix lacks

PLAINTIFF ZIPTRONIX'S ANSWER TO DEFENDANT TSMC'S
FIRST AMENDED COUNTERLCLAIMS FOR PATENT
INFRINGEMENT AND DECLARATORY RELIEF

1

Case No.: 4:10-cv-05525-SBA

1   information sufficient to form a belief as to the remaining allegations of paragraph 8, and on

2   that basis denies those allegations.

3   9.   Ziptronix admits that Exhibit B attached to TSMC's counterclaims states: "TSMC is a

4   technology company in the business of Licensing its internally developed, patented Low

5   Temperature Direct Bonding and (Direct Bond Interconnect) DBI® technologies for

6   development and low to high volume production partners.  We license these technologies

7   throughout the semiconductor supply chain to OEMs, IDMs and fabless companies.

8   Ziptronix provides support for our licensees in the form of early stage device development,

9   supply chain creation, and technology transfer."  Additionally, Ziptronix admits that Exhibit

10   C attached to TSMC's counterclaims is a copy of a Ziptronix press release dated November

11   18, 2009.  Ziptronix also admits that Exhibit D attached to TSMC's counterclaims states:

12   "DBI combines a room or low temperature, non-adhesive covalent bonding technique with

13   integrated high-density interconnect formation."  Additionally, Ziptronix admits that Exhibit

14   D attached to TSMC's counterclaims states: "The patented, proven DBI technology is

15   available now for licensing by foundries, IDMs, fabless IC companies and end users."

16   Ziptronix lacks information sufficient to form a belief as to the remaining allegations of

17   paragraph 9, and on that basis denies those allegations.

18   10.   Ziptronix admits that Exhibit D attached to TSMC's counterclaims states: "Ziptronix also

19   offers prototyping and technology-transfer services."  Ziptronix also admits that Exhibit E

20   attached to TSMC's counterclaims states: "Ziptronix operates an in-house foundry dedicated

21   to process verification and prototyping advanced product concepts for customers primarily

22   interested in licensing….  We use high-quality, industry standard tools in the engineering of

23   semiconductor manufacturing processes."  Additionally, Ziptronix admits that Exhibit F

24   attached to TSMC's counterclaims states: "We [Ziptronix] have a back end of line (BEOL)

25   facility able to accommodate low to medium volume quantities if one wishes for Ziptronix

26   to provide services."  Ziptronix lacks information sufficient to form a belief as to the

27   remaining allegations of paragraph 10, and on that basis denies those allegations.

28   11.   Ziptronix denies the allegations of paragraph 11 of TSMC's First Amended Counterclaims.

1    12. Ziptronix denies the allegations of paragraph 12 of TSMC's First Amended Counterclaims.

2    13. Ziptronix denies the allegations of paragraph 13 of TSMC's First Amended Counterclaims.

3    14. Ziptronix denies the allegations of paragraph 14 of TSMC's First Amended Counterclaims.

4    15. Ziptronix admits that on May 2, 2011 TSMC sent a letter to Ziptronix indicating that TSMC

5    believed Ziptronix infringed both directly and indirectly U.S. Pat. Nos. 7,307,020,

6    7,385,835, 6,765,279, 6,682,981 and 6,350,694.  Except as admitted above, Ziptronix denies

7    the remaining allegations of paragraph 15 of TSMC's First Amended Counterclaims.

8    16. Ziptronix denies the allegations of paragraph 16 of TSMC's First Amended Counterclaims.

9    17. Ziptronix admits that Exhibit I attached to TSMC's counterclaims states: "Ziptronix process

10   enables 3D integration on Raytheon ICs," and "With the Raytheon project, we successfully

11   applied our planar DBI™ technology to achieve a very high 3D integration density with a

12   multi-level CMOS process."  Ziptronix also admits that both Exhibits C and J attached to

13   TSMC's counterclaims state: "Specified for use in manufacturing Raytheon's focal plane

14   arrays for air, space and terrestrial applications, the Ziptronix technology provides true 3D

15   integration of multilayer CMOS structures, enabling 100% pixel operability within the focal

16   plane."  Additionally, Ziptronix admits that Exhibit K attached to TSMC's counterclaims

17   states: "The company recently reached a licensing deal with defense industry giant

18   Raytheon, which will use Ziptronix's chip bonding and stacking technology in its imaging

19   systems."  Ziptronix lacks information sufficient to form a belief as to the remaining

20   allegations of paragraph 17, and on that basis denies those allegations.

21   18. Ziptronix denies the allegations of paragraph 18 of TSMC's First Amended Counterclaims.

22   19. Ziptronix denies the allegations of paragraph 19 of TSMC's First Amended Counterclaims.

23
     **SECOND COUNTERCLAIM**

24
     **(Infringement of U.S. Patent No. 7,307,020)**

25
     20. Ziptronix incorporates by references its allegations set forth in paragraphs 1-231 of its First

26   Amended Complaint for Patent Infringement (Dkt. No. 44) and also its Answers in the

27   above paragraphs 1-19.

28

21. Ziptronix admits that on December 11, 2007, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 7,307,020 entitled "Membrane 3D IC Fabrication" ("the '020 Patent") and that Exhibit L attached to TSMC's First Amended Counterclaims appears to be a copy of the '020 Patent. Ziptronix lacks information sufficient to form a belief as to the remaining allegations of paragraph 21, and on that basis denies those allegations.

22. Ziptronix admits that Exhibit B attached to TSMC's counterclaims states: "TSMC is a technology company in the business of Licensing its internally developed, patented Low Temperature Direct Bonding and (Direct Bond Interconnect) DBI® technologies for development and low to high volume production partners. We license these technologies throughout the semiconductor supply chain to OEMs, IDMs and fabless companies. Ziptronix provides support for our licensees in the form of early stage device development, supply chain creation, and technology transfer." Additionally, Ziptronix admits that Exhibit C attached to TSMC's counterclaims is a copy of a Ziptronix press release dated November 18, 2009. Ziptronix also admits that Exhibit D attached to TSMC's counterclaims states: "DBI combines a room or low temperature, non-adhesive covalent bonding technique with integrated high-density interconnect formation." Additionally, Ziptronix admits that Exhibit D attached to TSMC's counterclaims states: "The patented, proven DBI technology is available now for licensing by foundries, IDMs, fabless IC companies and end users." Ziptronix lacks information sufficient to form a belief as to the remaining allegations of paragraph 22, and on that basis denies those allegations.

23. Ziptronix admits that Exhibit D attached to TSMC's counterclaims states: "Ziptronix also offers prototyping and technology-transfer services." Ziptronix also admits that Exhibit E attached to TSMC's counterclaims states: "Ziptronix operates an in-house foundry dedicated to process verification and prototyping advanced product concepts for customers primarily interested in licensing…. We use high-quality, industry standard tools in the engineering of semiconductor manufacturing processes." Additionally, Ziptronix admits that Exhibit F attached to TSMC's counterclaims states: "We [Ziptronix] have a back end of line (BEOL)

PLAINTIFF ZIPTRONIX'S ANSWER TO DEFENDANT TSMC'S
FIRST AMENDED COUNTERLCLAIMS FOR PATENT
INFRINGEMENT AND DECLARATORY RELIEF

4

Case No.: 4:10-cv-05525-SBA

facility able to accommodate low to medium volume quantities if one wishes for Ziptronix to provide services." Ziptronix lacks information sufficient to form a belief as to the remaining allegations of paragraph 23, and on that basis denies those allegations.

24. Ziptronix denies the allegations of paragraph 24 of TSMC's First Amended Counterclaims.

25. Ziptronix admits that Exhibit H is attached to TSMC's counterclaims and contains the image below:



Ziptronix denies the remaining allegations of paragraph 25 of TSMC's First Amended Counterclaims.

26. Ziptronix denies the allegations of paragraph 26 of TSMC's First Amended Counterclaims.

27. Ziptronix denies the allegations of paragraph 27 of TSMC's First Amended Counterclaims.

28. Ziptronix admits that on May 2, 2011 TSMC sent a letter to Ziptronix indicating that TSMC believed Ziptronix infringed both directly and indirectly U.S. Pat. Nos. 7,307,020, 7,385,835, 6,765,279, 6,682,981 and 6,350,694. Ziptronix denies the remaining allegations of paragraph 28 of TSMC's First Amended Counterclaims.

29. Ziptronix denies the allegations of paragraph 29 of TSMC's First Amended Counterclaims.

30. Ziptronix admits that Exhibit I attached to TSMC's counterclaims states: "Ziptronix process enables 3D integration on Raytheon ICs," and "With the Raytheon project, we successfully

PLAINTIFF ZIPTRONIX'S ANSWER TO DEFENDANT TSMC'S
FIRST AMENDED COUNTERLCLAIMS FOR PATENT
INFRINGEMENT AND DECLARATORY RELIEF

5

Case No.: 4:10-cv-05525-SBA

applied our planar DBI™ technology to achieve a very high 3D integration density with a multi-level CMOS process." Ziptronix also admits that both Exhibits C and J attached to TSMC's counterclaims state: "Specified for use in manufacturing Raytheon's focal plane arrays for air, space and terrestrial applications, the Ziptronix technology provides true 3D integration of multilayer CMOS structures, enabling 100% pixel operability within the focal plane." Additionally, Ziptronix admits that Exhibit K attached to TSMC's counterclaims states: "The company recently reached a licensing deal with defense industry giant Raytheon, which will use Ziptronix's chip bonding and stacking technology in its imaging systems." Ziptronix lacks information sufficient to form a belief as to the remaining allegations of paragraph 30, and on that basis denies those allegations.

31. Ziptronix denies the allegations of paragraph 31 of TSMC's First Amended Counterclaims.

32. Ziptronix denies the allegations of paragraph 32 of TSMC's First Amended Counterclaims.

## THIRD COUNTERCLAIM

### (Infringement of U.S. Patent No. 6,765,279)

33. Ziptronix incorporates by references its allegations set forth in paragraphs 1-231 of its First Amended Complaint for Patent Infringement (Dkt. No. 44) and also its Answers in the above paragraphs 1-32.

34. Ziptronix admits that on July 20, 2004, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 6,765,279 entitled "Membrane 3D IC Fabrication" ("the '279 Patent") and that Exhibit M attached to TSMC's First Amended Counterclaims appears to be a copy of the '279 Patent. Ziptronix lacks information sufficient to form a belief as to the remaining allegations of paragraph 34, and on that basis denies those allegations.

35. Ziptronix admits that Exhibit B attached to TSMC's counterclaims states: "TSMC is a technology company in the business of Licensing its internally developed, patented Low Temperature Direct Bonding and (Direct Bond Interconnect) DBI® technologies for development and low to high volume production partners. We license these technologies

PLAINTIFF ZIPTRONIX'S ANSWER TO DEFENDANT TSMC'S
FIRST AMENDED COUNTERLCLAIMS FOR PATENT
INFRINGEMENT AND DECLARATORY RELIEF

6

Case No.: 4:10-cv-05525-SBA

1    throughout the semiconductor supply chain to OEMs, IDMs and fabless companies.

2    Ziptronix provides support for our licensees in the form of early stage device development,

3    supply chain creation, and technology transfer."  Additionally, Ziptronix admits that Exhibit

4    C attached to TSMC's counterclaims is a copy of a Ziptronix press release dated November

5    18, 2009.  Ziptronix also admits that Exhibit D attached to TSMC's counterclaims states:

6    "DBI combines a room or low temperature, non-adhesive covalent bonding technique with

7    integrated high-density interconnect formation."  Additionally, Ziptronix admits that Exhibit

8    D attached to TSMC's counterclaims states: "The patented, proven DBI technology is

9    available now for licensing by foundries, IDMs, fabless IC companies and end users."

10    Ziptronix lacks information sufficient to form a belief as to the remaining allegations of

11    paragraph 35, and on that basis denies those allegations.

12    36. Ziptronix admits that Exhibit D attached to TSMC's counterclaims states: "Ziptronix also

13    offers prototyping and technology-transfer services."  Ziptronix also admits that Exhibit E

14    attached to TSMC's counterclaims states: "Ziptronix operates an in-house foundry dedicated

15    to process verification and prototyping advanced product concepts for customers primarily

16    interested in licensing.…  We use high-quality, industry standard tools in the engineering of

17    semiconductor manufacturing processes."  Additionally, Ziptronix admits that Exhibit F

18    attached to TSMC's counterclaims states: "We [Ziptronix] have a back end of line (BEOL)

19    facility able to accommodate low to medium volume quantities if one wishes for Ziptronix

20    to provide services."  Ziptronix lacks information sufficient to form a belief as to the

21    remaining allegations of paragraph 36, and on that basis denies those allegations.

22    37. Ziptronix denies the allegations of paragraph 37 of TSMC's First Amended Counterclaims.

23    38. Ziptronix denies the allegations of paragraph 38 of TSMC's First Amended Counterclaims.

24    39. Ziptronix admits that Exhibit N is attached to TSMC's counterclaims and contains the image

25    below:

26

27

28



Ziptronix denies the remaining allegations of paragraph 39 of TSMC's First Amended Counterclaims.

40. Ziptronix denies the allegations of paragraph 40 of TSMC's First Amended Counterclaims.

41. Ziptronix denies the allegations of paragraph 41 of TSMC's First Amended Counterclaims.

42. Ziptronix admits that on May 2, 2011 TSMC sent a letter to Ziptronix indicating that TSMC believed Ziptronix infringed both directly and indirectly U.S. Pat. Nos. 7,307,020, 7,385,835, 6,765,279, 6,682,981 and 6,350,694. Ziptronix denies the remaining allegations of paragraph 42 of TSMC's First Amended Counterclaims.

43. Ziptronix denies the allegations of paragraph 43 of TSMC's First Amended Counterclaims.

44. Ziptronix admits that Exhibit I attached to TSMC's counterclaims states: "Ziptronix process enables 3D integration on Raytheon ICs," and "With the Raytheon project, we successfully applied our planar DBI™ technology to achieve a very high 3D integration density with a multi-level CMOS process." Ziptronix also admits that both Exhibits C and J attached to TSMC's counterclaims state: "Specified for use in manufacturing Raytheon's focal plane arrays for air, space and terrestrial applications, the Ziptronix technology provides true 3D integration of multilayer CMOS structures, enabling 100% pixel operability within the focal plane." Additionally, Ziptronix admits that Exhibit K attached to TSMC's counterclaims states: "The company recently reached a licensing deal with defense industry giant Raytheon, which will use Ziptronix's chip bonding and stacking technology in its imaging

1    systems." Ziptronix lacks information sufficient to form a belief as to the remaining

2    allegations of paragraph 44, and on that basis denies those allegations.

3    45. Ziptronix denies the allegations of paragraph 45 of TSMC's First Amended Counterclaims.

4    46. Ziptronix denies the allegations of paragraph 46 of TSMC's First Amended Counterclaims.

## FOURTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 7,385,835)

47. Ziptronix incorporates by references its allegations set forth in paragraphs 1-231 of its First
    Amended Complaint for Patent Infringement (Dkt. No. 44) and also its Answers in the
    above paragraphs 1-46.

48. Ziptronix admits that on June 10, 2008, the United States Patent and Trademark Office
    ("USPTO") issued United States Patent No. 7,385,835 entitled "Membrane 3D IC
    Fabrication" ("the '835 Patent") and that Exhibit O attached to TSMC's First Amended
    Counterclaims appears to be a copy of the '835 Patent. Except as admitted above, Ziptronix
    lacks information sufficient to form a belief as to the allegations of paragraph 48, and on that
    basis denies the allegations.

49. Ziptronix admits that Exhibit B attached to TSMC's counterclaims states: "TSMC is a
    technology company in the business of Licensing its internally developed, patented Low
    Temperature Direct Bonding and (Direct Bond Interconnect) DBI® technologies for
    development and low to high volume production partners. We license these technologies
    throughout the semiconductor supply chain to OEMs, IDMs and fabless companies.
    Ziptronix provides support for our licensees in the form of early stage device development,
    supply chain creation, and technology transfer." Additionally, Ziptronix admits that Exhibit
    C attached to TSMC's counterclaims is a copy of a Ziptronix press release dated November
    18, 2009. Ziptronix also admits that Exhibit D attached to TSMC's counterclaims states:
    "DBI combines a room or low temperature, non-adhesive covalent bonding technique with
    integrated high-density interconnect formation." Additionally, Ziptronix admits that Exhibit
    D attached to TSMC's counterclaims states: "The patented, proven DBI technology is

available now for licensing by foundries, IDMs, fabless IC companies and end users."

Ziptronix lacks information sufficient to form a belief as to the remaining allegations of

paragraph 49, and on that basis denies those allegations.

50. Ziptronix admits that Exhibit D attached to TSMC's counterclaims states: "Ziptronix also

offers prototyping and technology-transfer services."  Ziptronix also admits that Exhibit E

attached to TSMC's counterclaims states: "Ziptronix operates an in-house foundry dedicated

to process verification and prototyping advanced product concepts for customers primarily

interested in licensing…. We use high-quality, industry standard tools in the engineering of

semiconductor manufacturing processes."  Additionally, Ziptronix admits that Exhibit F

attached to TSMC's counterclaims states: "We [Ziptronix] have a back end of line (BEOL)

facility able to accommodate low to medium volume quantities if one wishes for Ziptronix

to provide services."  Ziptronix lacks information sufficient to form a belief as to the

remaining allegations of paragraph 50, and on that basis denies those allegations.

51. Ziptronix denies the allegations of paragraph 51 of TSMC's First Amended Counterclaims.

52. Ziptronix denies the allegations of paragraph 52 of TSMC's First Amended Counterclaims.

53. Ziptronix admits that Exhibit H is attached to TSMC's counterclaims and contains the image

below:



Ziptronix denies the remaining allegations of paragraph 53 of TSMC's First Amended

Counterclaims.

54. Ziptronix denies the allegations of paragraph 54 of TSMC's First Amended Counterclaims.

55. Ziptronix denies the allegations of paragraph 55 of TSMC's First Amended Counterclaims.

56. Ziptronix admits that on May 2, 2011 TSMC sent a letter to Ziptronix indicating that TSMC believed Ziptronix infringed both directly and indirectly U.S. Pat. Nos. 7,307,020, 7,385,835, 6,765,279, 6,682,981 and 6,350,694.  Ziptronix denies the remaining allegations of paragraph 56 of TSMC's First Amended Counterclaims.

57. Ziptronix denies the allegations of paragraph 57 of TSMC's First Amended Counterclaims.

58. Ziptronix admits that Exhibit I attached to TSMC's counterclaims states: "Ziptronix process enables 3D integration on Raytheon ICs," and "With the Raytheon project, we successfully applied our planar DBI™ technology to achieve a very high 3D integration density with a multi-level CMOS process."  Ziptronix also admits that both Exhibits C and J attached to TSMC's counterclaims state: "Specified for use in manufacturing Raytheon's focal plane arrays for air, space and terrestrial applications, the Ziptronix technology provides true 3D integration of multilayer CMOS structures, enabling 100% pixel operability within the focal plane."  Additionally, Ziptronix admits that Exhibit K attached to TSMC's counterclaims states: "The company recently reached a licensing deal with defense industry giant Raytheon, which will use Ziptronix's chip bonding and stacking technology in its imaging systems."  Ziptronix lacks information sufficient to form a belief as to the remaining allegations of paragraph 58, and on that basis denies those allegations.

59. Ziptronix denies the allegations of paragraph 59 of TSMC's First Amended Counterclaims.

60. Ziptronix denies the allegations of paragraph 60 of TSMC's First Amended Counterclaims.

**FIFTH COUNTERCLAIM**

**(Infringement of U.S. Patent No. 6,350,694)**

61. Ziptronix incorporates by references its allegations set forth in paragraphs 1-231 of its First Amended Complaint for Patent Infringement (Dkt. No. 44) and also its Answer in the above paragraphs 1-60.

62. Ziptronix admits that on February 26, 2002, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 6,350,694 entitled "Reducing CMP Scratch, Dishing and Erosion by Post CMP Etch Back Method for Low-K Materials" ("the '694

PLAINTIFF ZIPTRONIX'S ANSWER TO DEFENDANT TSMC'S
FIRST AMENDED COUNTERLCLAIMS FOR PATENT
INFRINGEMENT AND DECLARATORY RELIEF

11

Case No.: 4:10-cv-05525-SBA

Patent") and that Exhibit P attached to TSMC's First Amended Counterclaims appears to be a copy of the '694 Patent.  Ziptronix lacks information sufficient to form a belief as to the remaining allegations of paragraph 62, and on that basis denies those allegations.

63. Ziptronix admits that Exhibit B attached to TSMC's counterclaims states: "TSMC is a technology company in the business of Licensing its internally developed, patented Low Temperature Direct Bonding and (Direct Bond Interconnect) DBI® technologies for development and low to high volume production partners.  We license these technologies throughout the semiconductor supply chain to OEMs, IDMs and fabless companies. Ziptronix provides support for our licensees in the form of early stage device development, supply chain creation, and technology transfer."  Additionally, Ziptronix admits that Exhibit C attached to TSMC's counterclaims is a copy of a Ziptronix press release dated November 18, 2009.  Ziptronix also admits that Exhibit D attached to TSMC's counterclaims states: "DBI combines a room or low temperature, non-adhesive covalent bonding technique with integrated high-density interconnect formation."  Additionally, Ziptronix admits that Exhibit D attached to TSMC's counterclaims states: "The patented, proven DBI technology is available now for licensing by foundries, IDMs, fabless IC companies and end users." Ziptronix lacks information sufficient to form a belief as to the remaining allegations of paragraph 63, and on that basis denies those allegations.

64. Ziptronix admits that Exhibit D attached to TSMC's counterclaims states: "Ziptronix also offers prototyping and technology-transfer services."  Ziptronix also admits that Exhibit E attached to TSMC's counterclaims states: "Ziptronix operates an in-house foundry dedicated to process verification and prototyping advanced product concepts for customers primarily interested in licensing…. We use high-quality, industry standard tools in the engineering of semiconductor manufacturing processes."  Additionally, Ziptronix admits that Exhibit F attached to TSMC's counterclaims states: "We [Ziptronix] have a back end of line (BEOL) facility able to accommodate low to medium volume quantities if one wishes for Ziptronix to provide services."  Ziptronix lacks information sufficient to form a belief as to the remaining allegations of paragraph 64, and on that basis denies those allegations.

PLAINTIFF ZIPTRONIX'S ANSWER TO DEFENDANT TSMC'S
FIRST AMENDED COUNTERLCLAIMS FOR PATENT
INFRINGEMENT AND DECLARATORY RELIEF

12

Case No.: 4:10-cv-05525-SBA

65. Ziptronix denies the allegations of paragraph 65 of TSMC's First Amended Counterclaims.

66. Ziptronix denies the allegations of paragraph 66 of TSMC's First Amended Counterclaims.

67. Ziptronix admits that Exhibit N is attached to TSMC's counterclaims and contains the image below:



Ziptronix denies the remaining allegations of paragraph 67 of TSMC's First Amended Counterclaims.

68. Ziptronix denies the allegations of paragraph 68 of TSMC's First Amended Counterclaims.

69. Ziptronix denies the allegations of paragraph 69 of TSMC's First Amended Counterclaims.

70. Ziptronix admits that on May 2, 2011 TSMC sent a letter to Ziptronix indicating that TSMC believed Ziptronix infringed both directly and indirectly U.S. Pat. Nos. 7,307,020, 7,385,835, 6,765,279, 6,682,981 and 6,350,694.  Ziptronix denies the remaining allegations of paragraph 70 of TSMC's First Amended Counterclaims.

71. Ziptronix denies the allegations of paragraph 71 of TSMC's First Amended Counterclaims.

72. Ziptronix admits that Exhibit I attached to TSMC's counterclaims states: "Ziptronix process enables 3D integration on Raytheon ICs," and "With the Raytheon project, we successfully applied our planar DBI™ technology to achieve a very high 3D integration density with a multi-level CMOS process."  Ziptronix also admits that both Exhibits C and J attached to TSMC's counterclaims state: "Specified for use in manufacturing Raytheon's focal plane arrays for air, space and terrestrial applications, the Ziptronix technology provides true 3D

integration of multilayer CMOS structures, enabling 100% pixel operability within the focal plane." Additionally, Ziptronix admits that Exhibit K attached to TSMC's counterclaims states: "The company recently reached a licensing deal with defense industry giant Raytheon, which will use Ziptronix's chip bonding and stacking technology in its imaging systems." Ziptronix lacks information sufficient to form a belief as to the remaining allegations of paragraph 72, and on that basis denies those allegations.

73. Ziptronix denies the allegations of paragraph 73 of TSMC's First Amended Counterclaims.

74. Ziptronix denies the allegations of paragraph 74 of TSMC's First Amended Counterclaims.

### SIXTH COUNTERCLAIM
**(Declaratory Judgment of Noninfringement, Invalidity, and Unenforceability of U.S. Patent No. 7,387,944)**

75. Ziptronix incorporates by references its allegations set forth in paragraphs 1-231 of its First Amended Complaint for Patent Infringement (Dkt. No. 44) and also its Answers in the above paragraphs 1-74.

76. Ziptronix admits that an actual controversy exists as to infringement of the '944 Patent. Ziptronix denies the remaining allegations in paragraph 76 of TSMC's First Amended Counterclaims.

77. Ziptronix denies the allegations in paragraph 77 of TSMC's First Amended Counterclaims.

78. Ziptronix denies the allegations in paragraph 78 of TSMC's First Amended Counterclaims.

79. Ziptronix denies the allegations in paragraph 79 of TSMC's First Amended Counterclaims.

80. Ziptronix denies the allegations in paragraph 80 of TSMC's First Amended Counterclaims.

81. Ziptronix denies the allegations in paragraph 81 of TSMC's First Amended Counterclaims.

82. Ziptronix denies the allegations in paragraph 82 of TSMC's First Amended Counterclaims.

### SEVENTH COUNTERCLAIM
**(Declaratory Judgment of Noninfringement, Invalidity, and Unenforceability of U.S. Patent No. 7,335,572)**

83. Ziptronix incorporates by references its allegations set forth in paragraphs 1-231 of its First Amended Complaint for Patent Infringement (Dkt. No. 44) and also its Answers in the above paragraphs 1-82.

PLAINTIFF ZIPTRONIX'S ANSWER TO DEFENDANT TSMC'S FIRST AMENDED COUNTERLCLAIMS FOR PATENT INFRINGEMENT AND DECLARATORY RELIEF

14

Case No.: 4:10-cv-05525-SBA

84. Ziptronix admits that an actual controversy exists as to infringement of the '572 Patent. Ziptronix denies the remaining allegations in paragraph 84 of TSMC's First Amended Counterclaims.

85. Ziptronix denies the allegations in paragraph 85 of TSMC's First Amended Counterclaims.

86. Ziptronix denies the allegations in paragraph 86 of TSMC's First Amended Counterclaims.

87. Ziptronix denies the allegations in paragraph 87 of TSMC's First Amended Counterclaims.

88. Ziptronix denies the allegations in paragraph 88 of TSMC's First Amended Counterclaims.

89. Ziptronix denies the allegations in paragraph 89 of TSMC's First Amended Counterclaims.

90. Ziptronix denies the allegations in paragraph 90 of TSMC's First Amended Counterclaims.

## EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Noninfringement, Invalidity, and Unenforceability of U.S. Patent No. 7,553,744)

91. Ziptronix incorporates by references its allegations set forth in paragraphs 1-231 of its First Amended Complaint for Patent Infringement (Dkt. No. 44) and also its Answers in the above paragraphs 1-90.

92. Ziptronix admits that an actual controversy exists as to infringement of the '744 Patent. Ziptronix denies the remaining allegations in paragraph 92 of TSMC's First Amended Counterclaims.

93. Ziptronix denies the allegations in paragraph 93 of TSMC's First Amended Counterclaims.

94. Ziptronix denies the allegations in paragraph 94 of TSMC's First Amended Counterclaims.

95. Ziptronix denies the allegations in paragraph 95 of TSMC's First Amended Counterclaims.

96. Ziptronix denies the allegations in paragraph 96 of TSMC's First Amended Counterclaims.

97. Ziptronix denies the allegations in paragraph 97 of TSMC's First Amended Counterclaims.

98. Ziptronix denies the allegations in paragraph 98 of TSMC's First Amended Counterclaims.

## NINTH COUNTERCLAIM
### (Declaratory Judgment of Noninfringement, Invalidity, and Unenforceability of U.S. Patent No. 7,037,755)

99. Ziptronix incorporates by references its allegations set forth in paragraphs 1-231 of its First Amended Complaint for Patent Infringement (Dkt. No. 44) and also its Answers in the above paragraphs 1-98.

PLAINTIFF ZIPTRONIX'S ANSWER TO DEFENDANT TSMC'S FIRST AMENDED COUNTERLCLAIMS FOR PATENT INFRINGEMENT AND DECLARATORY RELIEF

Case No.: 4:10-cv-05525-SBA

15

1    100.    Ziptronix admits that an actual controversy exists as to infringement of the '755

2           Patent.  Ziptronix denies the remaining allegations in paragraph 100 of TSMC's First

3           Amended Counterclaims.

4    101.    Ziptronix denies the allegations in paragraph 101 of TSMC's First Amended

5           Counterclaims.

6    102.    Ziptronix denies the allegations in paragraph 102 of TSMC's First Amended

7           Counterclaims.

8    103.    Ziptronix denies the allegations in paragraph 103 of TSMC's First Amended

9           Counterclaims.

10   104.    Ziptronix denies the allegations in paragraph 104 of TSMC's First Amended

11          Counterclaims.

12   105.    Ziptronix denies the allegations in paragraph 105 of TSMC's First Amended

13          Counterclaims.

14   106.    Ziptronix denies the allegations in paragraph 106 of TSMC's First Amended

15          Counterclaims.

16   107.    Ziptronix denies the allegations in paragraph 107 of TSMC's First Amended

17          Counterclaims.

18   108.    Ziptronix admits the allegations in paragraph 108 of TSMC's First Amended

19          Counterclaims.

20   109.    Ziptronix admits the allegations in paragraph 109 of TSMC's First Amended

21          Counterclaims.

22   110.    Ziptronix admits that Eckhard H. Kuesters ("Kuesters") was the attorney of record

23          for the '755 patent application and that on or about October 10, 2002 he executed a Utility

24          Patent Application Transmittal form associated with that application.  Ziptronix denies the

25          remaining allegations in paragraph 110 of TSMC's First Amended Counterclaims.

26   111.    Ziptronix admits that the '755 Patent application issued on May 2, 2006 and claims

27          priority to an application filed on March 22, 2000.

28

112.     Ziptronix admits that Tong et al., "Feasibility Study of VLSI Device Layer Transfer by CMP PETEOS Direct Bonding" 1996 IEEE Int'l SOI Conference ("Tong 1996") is not listed as a reference cited on the face of the '755 Patent.  Ziptronix lacks information sufficient to form a belief as to the remaining allegations of paragraph 112, and on that basis denies those allegations.

113.     Ziptronix denies the allegations in paragraph 113 of TSMC's First Amended Counterclaims.

114.     Ziptronix denies the allegations in paragraph 114 of TSMC's First Amended Counterclaims.

115.     Ziptronix admits that Q.Y. Tong is a co-inventor along with Paul Enquist on at least for patents.  Ziptronix lacks information sufficient to form a belief as to the remaining allegations of paragraph 115, and on that basis denies those allegations.

116.     Ziptronix denies the allegations in paragraph 116 of TSMC's First Amended Counterclaims.

**<u>TENTH COUNTERCLAIM</u>**
**(Declaratory Judgment of Noninfringement, Invalidity, and**
**Unenforceability of U.S. Patent No. 6,864,585)**

117.     Ziptronix incorporates by references its allegations set forth in paragraphs 1-231 of its First Amended Complaint for Patent Infringement (Dkt. No. 44) and also its Answers in the above paragraphs 1-116.

118.     Ziptronix admits that an actual controversy exists as to infringement of the '585 Patent.  Ziptronix denies the remaining allegations in paragraph 118 of TSMC's First Amended Counterclaims.

119.     Ziptronix denies the allegations in paragraph 119 of TSMC's First Amended Counterclaims.

120.     Ziptronix denies the allegations in paragraph 120 of TSMC's First Amended Counterclaims.

PLAINTIFF ZIPTRONIX'S ANSWER TO DEFENDANT TSMC'S
FIRST AMENDED COUNTERLCLAIMS FOR PATENT
INFRINGEMENT AND DECLARATORY RELIEF

17

Case No.: 4:10-cv-05525-SBA

121.       Ziptronix denies the allegations in paragraph 121 of TSMC's First Amended Counterclaims.

122.       Ziptronix denies the allegations in paragraph 122 of TSMC's First Amended Counterclaims.

123.       Ziptronix denies the allegations in paragraph 123 of TSMC's First Amended Counterclaims.

124.       Ziptronix denies the allegations in paragraph 124 of TSMC's First Amended Counterclaims.

125.       Ziptronix denies the allegations in paragraph 125 of TSMC's First Amended Counterclaims.

126.       Ziptronix admits the allegations in paragraph 126 of TSMC's First Amended Counterclaims.

127.       Ziptronix admits the allegations in paragraph 127 of TSMC's First Amended Counterclaims.

128.       Ziptronix admits that Eckhard H. Kuesters ("Kuesters") was the attorney of record for the '585 patent application and that on or about July 3, 2002 he executed a Utility Patent Application Transmittal form associated with that application.  Ziptronix denies the remaining allegations in paragraph 128 of TSMC's First Amended Counterclaims.

129.       Ziptronix admits that the '585 Patent application issued on March 8, 2005 and claims priority to an application filed on March 22, 2000.

130.       Ziptronix admits that Tong et al., "Feasibility Study of VLSI Device Layer Transfer by CMP PETEOS Direct Bonding" 1996 IEEE Int'l SOI Conference ("Tong 1996") is not listed as a reference cited on the face of the '585 Patent.  Ziptronix lacks information sufficient to form a belief as to the remaining allegations of paragraph 130, and on that basis denies those allegations.

131.       Ziptronix denies the allegations in paragraph 131 of TSMC's First Amended Counterclaims.

PLAINTIFF ZIPTRONIX'S ANSWER TO DEFENDANT TSMC'S
FIRST AMENDED COUNTERLCLAIMS FOR PATENT
INFRINGEMENT AND DECLARATORY RELIEF

18

Case No.: 4:10-cv-05525-SBA

1   132.     Ziptronix denies the allegations in paragraph 132 of TSMC's First Amended

2   Counterclaims.

3   133.     Ziptronix admits that Q.Y. Tong is a co-inventor along with Paul Enquist on at least

4   for patents.  Ziptronix lacks information sufficient to form a belief as to the remaining

5   allegations of paragraph 133, and on that basis denies those allegations.

6   134.     Ziptronix denies the allegations in paragraph 134 of TSMC's First Amended

7   Counterclaims.

### ELEVENTH COUNTERCLAIM
**(Declaratory Judgment of Noninfringement, Invalidity, and
Unenforceability of U.S. Patent No. 6,864,549)**

10   135.     Ziptronix incorporates by references its allegations set forth in paragraphs 1-231 of

11   its First Amended Complaint for Patent Infringement (Dkt. No. 44) and also its Answers in

12   the above paragraphs 1-134.

13   136.     Ziptronix admits that an actual controversy exists as to infringement of the '549

14   Patent.  Ziptronix denies the remaining allegations in paragraph 136 of TSMC's First

15   Amended Counterclaims.

16   137.     Ziptronix denies the allegations in paragraph 137 of TSMC's First Amended

17   Counterclaims.

18   138.     Ziptronix denies the allegations in paragraph 138 of TSMC's First Amended

19   Counterclaims.

20   139.     Ziptronix denies the allegations in paragraph 139 of TSMC's First Amended

21   Counterclaims.

22   140.     Ziptronix denies the allegations in paragraph 140 of TSMC's First Amended

23   Counterclaims.

24   141.     Ziptronix denies the allegations in paragraph 141 of TSMC's First Amended

25   Counterclaims.

26   142.     Ziptronix denies the allegations in paragraph 142 of TSMC's First Amended

27   Counterclaims.

28

PLAINTIFF ZIPTRONIX'S ANSWER TO DEFENDANT TSMC'S
FIRST AMENDED COUNTERLCLAIMS FOR PATENT
INFRINGEMENT AND DECLARATORY RELIEF                    19

Case No.: 4:10-cv-05525-SBA

**TSMC'S PRAYER FOR RELIEF**

Ziptronix denies that TSMC is entitled to any relief whatsoever from Ziptronix either as prayed or otherwise.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1. Ziptronix does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, any claim of the '981 Patent, the '020 Patent, the '279 Patent, the '835 Patent, or the '694 Patent (collectively "TSMC's Asserted Patents"), either literally or under the doctrine of equivalent, willfully or otherwise.

**SECOND AFFIRMATIVE DEFENSE**

2. TSMC's Asserted Patents, and each claim thereof, are invalid because each of TSMC's Asserted Patents fails to satisfy the conditions of patentability set forth in the provisions of the patent laws, including at least 35 U.S.C. §§ 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE**

3. TSMC is estopped from construing any valid claim of TSMC's Asserted Patents to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any product manufactured, used, imported, sold, or offered for sale by Ziptronix in view of the prior art and/or because of admissions and statements made during prosecution of the application leading to issuance of TSMC's Asserted Patents or any related patent, and/or because of disclosure or language in the specification of TSMC's Asserted Patents, and/or because of limitations in the claims of TSMC's Asserted Patents.

**FOURTH AFFIRMATIVE DEFENSE**

4. TSMC is barred from obtaining any relief sought in its First Amended Counterclaims in whole or in part under the principles of equity, including laches, prosecution laches, waiver, estoppel, and/or unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

5. TSMC is time barred by 35 U.S.C. § 286 from recovering damages for any alleged infringement more than six years prior to the filing of these counterclaims.

PLAINTIFF ZIPTRONIX'S ANSWER TO DEFENDANT TSMC'S
FIRST AMENDED COUNTERLCLAIMS FOR PATENT
INFRINGEMENT AND DECLARATORY RELIEF

20

Case No.: 4:10-cv-05525-SBA

1

**SIXTH AFFIRMATIVE DEFENSE**

2   6.   TSMC is barred by 35 U.S.C. § 287 from recovering damages for any alleged infringement

3        of TSMC's asserted patents that occurred prior to actual, affirmative notice by Ziptronix or

4        the filing of TSMC's Answer and First Amended Counterclaims (Dkt. No 66).

5

**SEVENTH AFFIRMATIVE DEFENSE**

6   7.   TSMC is not entitled to injunctive relief because any alleged injury to TSMC is not

7        immediate or irreparable and TSMC has an adequate remedy at law.  In addition, TSMC

8        cannot obtain an injunction because the Patents-in-Suit must be licensed under fair,

9        reasonable and non-discriminatory terms.

10

**EIGHTH AFFIRMATIVE DEFENSE**

11  8.   TSMC's counterclaims of infringement are subject to the limitations of 28 U.S.C. § 1498(a).

12       In addition, insofar as TSMC's first amended counterclaims assert a claim for the alleged

13       infringement based on the use, manufacture or sale of any products in satisfaction or partial

14       satisfaction of any contracts with the United States Government, venue is improper and this

15       Court lacks subject matter jurisdiction over any such claims pursuant to 28 U.S.C. §

16       1498(a).

17

**NINTH AFFIRMATIVE DEFENSE**

18  9.   Ziptronix intends to rely on any other defenses that may be available by law, or pursuant to

19       statute, of which it becomes aware as a result of discovery or otherwise during the course of

20       this matter, and hereby reserves the right to amend this Answer to assert such defenses.

21

22

**PRAYER FOR RELIEF**

23       WHEREFORE, ZIPTRONIX respectfully prays for judgment as follows:

24       1.   That TSMC take nothing by its First Amended Counterclaims and the Court dismisses

25            its Complaint with prejudice;

26

27

28

2.   That the Court enter a judgment declaring that the '981 Patent, the '020 Patent, the '279 Patent, the '835 Patent, and the '694 Patent, and each and every claim thereof, have not been and are not being infringed, willfully, deliberately, or otherwise by Ziptronix;

3.   That the Court enter a judgment declaring that Ziptronix has not induced infringement, and is not inducing infringement, of any claims of the '981 Patent, the '020 Patent, the '279 Patent, the '835 Patent, and the '694 Patent;

4.   That the Court enter a judgment declaring that Ziptronix has not contributed to the infringement and is not contributing to the infringement of the '981 Patent, the '020 Patent, the '279 Patent, the '835 Patent, and the '694 Patent;

5.   The Court enter a judgment declaring that the '981 Patent, the '020 Patent, the '279 Patent, the '835 Patent, and the '694 Patent, and each and every claim thereof, is invalid and unenforceable;

6.    The Court enter a judgment declaring that the '944 Patent, the '572 Patent, the '744 Patent, the '585 Patent, and the '549 Patent, and each and every claim thereof, is valid and enforceable;

7.   That the Court deny TSMC any injunctive relief;

8.   That the Court award Ziptronix reasonable attorneys' fees under 35 U.S.C. § 285;

9.   That the Court award Ziptronix all costs and expenses it incurs in this action; and

10. That the Court award Ziptronix such other and further relief that it deems just and proper.

PLAINTIFF ZIPTRONIX'S ANSWER TO DEFENDANT TSMC'S
FIRST AMENDED COUNTERLCLAIMS FOR PATENT
INFRINGEMENT AND DECLARATORY RELIEF

22

Case No.: 4:10-cv-05525-SBA

1    DATED:  December 9, 2011          Respectfully submitted,

2                                      ALSTON & BIRD LLP

3
                                       By:   /s/ Jeffrey M. Connor
4                                                     Jeffrey M. Connor

5                                      Attorneys for Plaintiff
                                       ZIPTRONIX, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff Ziptronix hereby demands a jury trial for all issues so triable.

3

DATED:  December 9, 2011                    Respectfully submitted,

4

ALSTON & BIRD LLP

5

6

By: ____/s/ Jeffrey M. Connor_____

Jeffrey M. Connor

7

8

Attorneys for Plaintiff
ZIPTRONIX, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28