UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZIPTRONIX, INC., <br><br> Plaintiff, <br><br> vs. <br><br> OMNIVISION TECHNOLOGIES, INC., TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LTD., and TSMC NORTH AMERICA CORP., <br><br> Defendants. | Case No: C 10-05525 SBA <br><br> **ORDER GRANTING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** <br><br> Docket 78. |

Plaintiff Ziptronix, Inc. ("Plaintiff") brought the instant patent infringement action against Omnivision Technologies, Inc., Taiwan Semiconductor Manufacturing Company Ltd., and TSMC North America Corp. (collectively, "Defendants") pursuant to 35 U.S.C. § 271. Compl., Dkt. 1. The parties are presently before the Court on Plaintiff's motion for leave to file a second amended complaint ("SAC") under Rule 15 of the Federal Rules of Civil Procedure. Dkt. 78. Defendants Taiwan Semiconductor Manufacturing Company Ltd. and TSMC North America Corp. (collectively, "TSMC") oppose the motion. Dkt. 81. Defendant Omnivision Technologies, Inc., ("Omnivision") also opposes the motion. Dkt. 83.[1] Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

---

[1] Omnivision's opposition incorporates by reference the evidence and arguments set forth in TSMC's opposition.

I. **DISCUSSION**

   A. **Applicable Legal Standard**

As a threshold matter, the parties dispute whether Rule 15 or Rule 16 of the Federal Rules of Civil Procedure governs the instant motion. Plaintiff contends that its motion is governed by Rule 15, while Defendants contend that the motion is governed by Rule 16. The Court agrees with Plaintiff.

Under Rule 15, a "court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a). In contrast, under Rule 16(b), once the deadline for amending pleadings established in a court's pretrial scheduling order passes, a party may amend its pleadings "only for good cause and with the judge's consent." See Fed.R.Civ.P. 16(b)(4); Amerisourcebergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1991).

Here, Defendants have failed to demonstrate that Rule 16 governs the instant motion. The initial Case Management Conference in this action was held on February 1, 2012. Dkt. 75. On February 6, 2012, the Court issued a pretrial scheduling order ("Scheduling Order"), which does not provide a deadline for amending the pleadings. Id. Rather, the Order states that "the Court adopts the administrative provisions of the parties' Amended Joint Case Management Statement and [Proposed] Order, Dkt. No. 70 to the extent they do not contradict the provisions set forth in this Order." Id. Paragraph 11 of the parties' joint statement provides that "[o]ther than the dates listed above, *at this time the parties do not believe it is appropriate to establish any cut-off dates for amending pleadings*, discovery, motions, expert disclosures, pretrial conference and trial, or otherwise." Dkt. 70 (emphasis added). Accordingly, because the Court's Scheduling Order does not establish a deadline for amending pleadings, Plaintiff's motion for leave to amend is governed by Rule 15(a), not Rule 16(b). See Amerisourcebergen, 465 F.3d at 952 (holding that Rule 15(a) governs a motion for leave to amend when the motion is filed within the deadline for amending the pleadings set by the district court in the court's pretrial

scheduling order).

### B. Motion for Leave to File A SAC

The instant action was commenced on December 6, 2010. Dkt. 1. A first amended complaint ("FAC") was filed on April 20, 2011. Dkt. 44. The original complaint and the FAC both allege infringement by Defendants of six of Plaintiff's patents. Dkt. 1, 44. On April 24, 2012, Plaintiff filed a motion for leave to file a SAC to add allegations of patent infringement for three additional patents: (1) U.S. Patent No. 8,153,505 (issued on April 10, 2012); (2) U.S. Patent No. 8,043,329 (issued on November 8, 2011); and (3) U.S. Patent No. 7,871,898 (issued on January 18, 2011). Dkt. 78. According to Plaintiff, all three of the new patents relate to similar subject matter as the patents already at issue in this case; namely, bonded structures and innovative methods for forming such structures. Pl.'s Mot. at 1, Dkt. 79. In addition, Plaintiff asserts that all three of the patents stem from continuations of applications that led to the issuance of the patents already at issue, and thus are substantially related to the patents at issue. Id. at 4. Plaintiff also asserts that the patents have the same inventors as the patents at issue, are directed to similar subject matter, and will be asserted against the same infringing products. Id.

#### 1. Legal Standard

A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed.R.Civ.P. 15(a) (1).[2] "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). The court should freely grant leave when justice so requires. Id. "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon,

---

[2] Here, because Plaintiff filed its motion for leave to file a SAC more than 21 days after both Omnivision and TSMC filed an answer to the FAC, and because Omnivision and TSMC do not consent to amendment of the FAC, Plaintiff cannot file a SAC without leave of Court.

- 3 -

Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation marks omitted).

The United States Supreme Court has identified the following factors a district court should consider in deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason-such as undue delay, bad faith dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962).

Not all of the factors merit equal weight; it is the consideration of prejudice to the opposing party that carries the greatest weight. Eminence Capital, 316 F.3d at 1052 ("'Prejudice is the 'touchstone of the inquiry under rule 15(a).' "). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).

The party opposing the amendment carries the burden of showing why leave to amend should not be granted. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). The decision to grant or deny a request for leave to amend rests in the discretion of the trial court. See California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

Here, as pointed out by Plaintiff, because two of the three patents Plaintiff seeks to add to this lawsuit were issued after the filing of the FAC, the instant motion is governed, in part, by Rule 15(d). Under Rule 15(d), "the court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d); Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988). Supplemental pleadings are generally favored because they promote judicial economy and convenience by permitting courts to dispose of related claims and issues in one matter. Keith, 858 F.2d at 473-474. The legal standard for

1  granting or denying a motion to supplement under Rule 15(d) is the same as the standard
2  for granting or denying a motion under Rule 15(a).  Paralyzed Veterans of America v.
3  McPherson, 2008 WL 4183981, at *25 (N.D. Cal. 2008) (Armstrong, J.) (citing Glatt v.
4  Chic. Park Dist., 87 F.3d 190, 194 (7th Cir. 1996); Lewis v. Knutson, 699 F.2d 230, 239
5  (5th Cir. 1983)).

6 **2. Analysis**

7  Though Defendants incorrectly argue that the good cause standard under Rule 16(b)
8  governs the instant motion, they nonetheless have made arguments implicating two of the
9  Foman factors that courts consider in evaluating whether leave to amend is appropriate
10 under Rule 15.  Specifically, Defendants argue that leave to amend should be denied
11 because Plaintiff has not been diligent in seeking leave to amend and because Plaintiff's
12 proposed SAC would cause significant prejudice by dramatically expanding the scope of
13 this litigation.  TSMC's Opp. at 7-9.  More specifically, Defendants contend that the filing
14 of Plaintiff's proposed SAC would "necessitate additional discovery," which is a
15 "significant source" of prejudice.  Id.  According to Defendants, in order to adequately
16 defend against the claims Plaintiff seeks to add, they would need to "conduct a further
17 round of typical patent discovery" and "conduct additional non-infringement analysis,
18 invalidity analysis (including prior-art searching), and claim construction analysis."  Id. at
19 10.  In addition, Defendants contend that Plaintiff's lack of diligence prejudices them
20 because Plaintiff should have added these patents months ago so that Defendants could
21 have accounted for them in the non-infringement and invalidity contentions they made in
22 connection with the patents already at issue in this case.  Id.
23  Defendants' argument that merely granting leave to amend the FAC is prejudicial
24 because it will cause a delay in the proceedings due to the need to conduct additional
25 discovery and patent analysis is completely unavailing under the circumstances.  See SAP
26 Aktiengesellschaft v. i2 Technologies, Inc., 250 F.R.D. 472, 473-474 (N.D. Cal. 2008)
27 (Armstrong, J.) (rejecting argument that adding an additional patent to the complaint after
28 the parties had served preliminary infringement and invalidity contentions, but before the

1  deadline to amend pleadings had passed, would cause undue prejudice merely because it
2  would cause a delay in the proceedings); see also Aten Intern. Co., Ltd v. Emine
3  Technology Co., Ltd., 2010 WL 1462110, at *4 (C.D. Cal. 2010) (rejecting argument that
4  adding new patents to the complaint would cause defendant to suffer prejudice because the
5  alleged prejudice - the three new patents would add new legal theories, require proof of
6  additional facts, and delay the pending litigation - amounts to defending a lawsuit; noting
7  that amended and supplemental patent claims are frequently added to existing lawsuits)
8  (citing cases).  Defendants' argument that Plaintiff's lack of diligence in seeking leave to
9  amend justifies denying Plaintiff's motion is also without merit.  Indeed, as the Ninth
10 Circuit has explained, while a district court may consider the factor of undue delay,
11 "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend."  Bowles
12 v. Reade, 198 F.3d 752, 757-758 (9th Cir. 1999); DCD Programs, 833 F.2d at 186.[3]
13 Accordingly, Defendants have failed to satisfy their burden to demonstrate that leave to
14 amend should not be granted.  DCD Programs, 833 F.2d at 187.
15     Defendants, for their part, have not cited controlling authority or provided
16 persuasive argument compelling a contrary result.  For instance, Defendants failed to
17 demonstrate that Plaintiff inordinately delayed in seeking leave to amend, that the proposed
18 amendment is futile because the claims Plaintiff seeks to add lack merit, that the delay in
19 the resolution of this case caused by the proposed amendment (which Defendants calculate
20 as five months) amounts to substantial prejudice, or that the new allegations proposed by
21

22 [3] The Ninth Circuit has not precisely defined the meaning of "undue delay."  In some cases, the Ninth Circuit has indicated that the inquiry involves whether allowing an
23 amendment would cause delay in the operative trial schedule.  See, e.g., Loehr v. Ventura County Community College District, 743 F.2d 1310, 1320 (9th Cir. 1984) (permitting an
24 amendment "would have substantially complicated and delayed the case for new discovery, responsive pleadings, and considerations of state law").  In other cases, the Ninth Circuit
25 has described the party's delay in moving to amend as the appropriate touchstone; undue delay has occurred when a party has filed a motion for leave to amend long after it should
26 have become aware of the information that underlies that motion.  See, e.g., Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay
27 issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.").  Defendants' arguments implicate both
28 meanings of undue delay.

Plaintiff will cause substantial prejudice by radically shifting the direction of this case or by greatly altering the nature of the litigation. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming denial of motion for leave to amend where the proposed new claims posed a "radical shift in direction" of the litigation, were "tenuous," would have required defendants to have undertaken, at a late hour, an entirely new course of defense, and where moving party failed to request leave to amend for nearly two years).

While Defendants contend that the new patent infringement allegations will "dramatically expand the scope of this litigation" and necessitate additional discovery and patent analysis, Defendants have not established that the delay in the proceedings caused by the proposed amendment amounts to undue prejudice to overcome the strong policy of permitting amendment under Rule 15. Eminence Capital, 316 F.3d at 1051 (the policy of freely granting leave to amend when justice so requires is to be applied with "extreme liberality"). In fact, Plaintiff has persuasively argued that Defendants will not suffer undue prejudice if the proposed amendment is allowed because discovery in this case has just begun.

Further, having reviewed the record in this matter, the Court finds that Defendants are hard-pressed to legitimately claim that Plaintiff has unduly delayed in seeking leave to amend. On January 19, 2012, the parties' filed a joint statement in advance of the initial Case Management Conference, which expressly states that "at this time the parties do not believe it is appropriate to establish any cut-off dates for amending pleadings, discovery, motions, expert disclosures, pretrial conference and trial, or otherwise." Dkt. 70. The joint statement also specifically states that Plaintiff intends on filing an amended complaint "to assert at least three additional patents against the Defendants," including the patents it now seeks to add. Id. Plaintiff filed the instant motion for leave to amend on April 24, 2012, two weeks after the last of the three patents was issued and less than 3 months after the initial Case Management Conference. Under these circumstances, the Court finds that Plaintiff did not unduly delay in seeking leave to amend. If Defendants were concerned

about the prejudice that could result from the addition of patents to this case, they should have requested that the Court establish a deadline for amending the pleadings either in the parties' joint statement or at the initial Case Management Conference held on February 1, 2012. Defendants should have known that if the Court's Scheduling Order did not include a deadline for amending pleadings, a motion requesting leave to amend the FAC would be governed by the liberal amendment policy of Rule 15.

In short, the Court concludes that Defendants have failed to make a sufficient showing under the Foman factors to overcome the policy of granting leave to amend with extreme liberality. Moreover, the Court finds that the interests of judicial economy and convenience are best served by granting Plaintiff's motion for leave to amend. As recognized by the Ninth Circuit, Rule 15(d), which provides for the filing of a supplemental pleading, "is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." See Keith, 858 F.2d at 473. The Court finds that allowing Plaintiff to amend the FAC to add three patents to this lawsuit that are related to the patents already at issue in this case will serve the foregoing interests articulated by the Ninth Circuit.[4] It is axiomatic that judicial efficiency is maximized by disposing of related claims in one matter. Further, adjudicating the related factual and legal issues at the same time not only ensures that the patents are interpreted in a consistent manner, but also avoids the possibility of inconsistent judgments. Indeed, Defendants concede that if the claims Plaintiff seeks to add need to be brought at all, "they should be tried in this action rather than a separate action." TSMC's Opp. at 10 n. 14.

Accordingly, because Defendants failed to satisfy their burden to demonstrate that leave to amend should not be granted under the Foman factors, and because the Court finds that granting Plaintiff's motion serves the interests of judicial economy and convenience,

---

[4] Defendants do not challenge Plaintiff's contention that the new patents it seeks to add to this lawsuit are "substantially related" to the patents already at issue in this case or Plaintiff's contention that the new patents are being asserted against the same infringing methods and products.

Plaintiff's motion for leave to amend is GRANTED.

### C. Modification of the Schedule

In the event the Court grants Plaintiff's motion for leave to amend, Defendants request that the Court modify its February 6, 2012 Scheduling Order to mitigate the resulting prejudice on Defendants. TSMC's Opp. at 11. Specifically, Defendants propose a schedule that requests approximately five additional months to accommodate the new claims. Id. at 12. Defendants also request that the Court provide mechanisms for the parties to identify a reduced number (or at least a representative set) of claims to focus this case for claim construction, and then to further reduce the number of claims following the Court's *Markman* Order to focus the case for summary judgment and/or trial. Id. at 5, 11. Defendants note that a Case Management Conference would be useful in determining how best to manage this case. Id. at 12.

In response, Plaintiff indicates that it is amenable to modifying the current schedule to accommodate the newly issued patents, but disagrees with Defendants' proposed schedule, which it claims provides for two separate discovery deadlines related to claim construction, two rounds of claim construction briefing, separate technology tutorials, and two *Markman* hearings. Pl.'s Reply at 7. Instead, Plaintiff proposes to maintain the current framework, with possible adjustments to the existing schedule if deemed necessary or desirable by the Court. Id. Plaintiff contends that, contrary to Defendants' suggestion, the addition of the three patents will not add significant burden to the Court from the standpoint of claim construction because the parties already have agreed to limit the number of terms proposed for construction to ten. Id. at 8. Plaintiff also contends that Defendants' attempt to narrow the asserted claims is premature and improper. Id. at 8-9.

In light of the Court's ruling on Plaintiff's motion for leave to amend, the Court directs the parties to meet and confer regarding the schedule in this case. The Court recognizes that Plaintiff's amendment will add three new patents to this lawsuit. Thus, as the parties acknowledge, the current case schedule will likely require modification in order to provide adequate time to prepare for the new patents. The Court will set a Case

Management Conference where the issue of modifying the Scheduling Order can be discussed.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion for leave to amend is GRANTED. Plaintiff shall file a SAC within seven (7) days of the date this Order is filed.

2. A Case Management Conference is scheduled for **August 22, 2012 at 2:45 p.m.** Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement outlining the parties' respective positions regarding any changes to the schedule in this case. Plaintiff is responsible for filing the joint statement no less than seven (7) days prior to the conference date. Plaintiff is responsible for setting up the conference call, and on the specified date and time, shall call (510) 637-3559 with all parties on the line.

3. This Order terminates Docket 78.

IT IS SO ORDERED.

Dated: 8/1/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge