IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIPTRONIX, INC,<br><br>         Plaintiff,<br><br>   v.<br><br>OMNIVISION TECHNOLOGIES, INC. ET AL,<br><br>         Defendant. | No. C-10-05525 SBA (EDL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS AND REQUIRING PLAINTIFF TO FILE COMPREHENSIVE PRELIMINARY INFRINGEMENT CONTENTIONS** |

Before the Court is Plaintiff's Motion to Amend Preliminary Infringement Contentions. Before this matter was appropriate for decision without oral argument, the Court vacated the April 16, 2013 hearing. For the reasons stated in this Order, Plaintiff's motion is granted, and Plaintiff must file comprehensive preliminary infringement contentions as stated in this Order.

**Background**

On March 1, 2012, Plaintiff served its initial preliminary infringement contentions. Iams Decl. ¶ 4. The initial contentions identified twenty-five products by specific part number as Accused Instrumentalities, and also stated that Plaintiff believed that all "OmniBSI image sensors, OmniBSI-2 image sensors, OmniBSI+TM image sensors, and any OmniVision BSI related image sensing product" were accused instrumentalities. Id.

On April 30, 2012, Plaintiff served Defendants with preliminary infringement contentions relating to Plaintiff's newly issued patents, and specifically in relation to three patents that had issued during the pendency of the action. Iams Decl. Ex. 5. Leave to amend was subsequently granted to add those patents to the complaint. Docket # 131.

On August 10, 2012, Plaintiff supplemented its original set of contentions in response to a motion by Defendants to strike those contentions and in accordance with your order granting that

motion in part. Iams Decl. ¶ 6; Docket # 115. In that supplemental disclosure, Plaintiff identified four additional products by part number: OV2722, OV12830, OV16820, and OV 16825. Iams Decl. ¶ 6. The supplemental contentions also apprised Defendants of Plaintiff's view that the accused products included "all OmniBSI image sensors, OmniBSI-2 image sensors, OmniBSI+TM image sensors, and any OnmiVision BSI related image sensing product." Iams Decl. ¶ 6.

On October 8, 2012, in response to a discovery request, Defendant OmniVision identified thirty-five products by specific part number, as part of either its OmniBSI or OmniBSI2 image sensor product lines. Iams Decl. ¶ 7. The response identified several products by part number for ths first time: OV5651, OV5693, OV7726, OV8835, OV9760, and OV9772. Iams Decl. ¶ 7. As a result of the identification of these products, Plaintiff requested production of process information related to their fabrication. Iams Decl. ¶ 8; Ex. C. The parties then agreed that Defendant TSMC would collect and produce the requested process information and that Plaintiff would supplement its contentions to add a further identification of the products by specific part number. Iams Decl. ¶ 9; Ex. D.

On January 23, 2013, the additional process information was produced on a standalone computer and inspected. Iams Decl. ¶ 10. As a result, Plaintiff confirmed that the products first identified by Defendants in the October 6, 2012 supplemental interrogatory response should be added as specifically identified Accused Instrumentalities. Iams Decl. ¶ 10. Plaintiff also determined that several additional products should be identified specifically as Accused Instrumentalities including OmniVision's OV7695 as well as several products identified only under TSMC internal part designations. Iams Decl. ¶ 10.

**Discussion**

Patent Local Rule 3–6 allows the parties to amend infringement and invalidity contentions "only by order of the Court upon a timely showing of good cause." Pat. L.R. 3–6. "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) A claim construction order by the Court different from that proposed by the party seeking amendment; (b) Recent discovery of material, prior art despite earlier diligent search; and (c) Recent discovery of nonpublic information about the Accused

2

Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." Pat. L.R. 3–6. "The local patent rules in the Northern District of California ... requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1365–66 (Fed. Cir. 2006).

Only if the moving party is able to show diligence may the court consider the prejudice to the non-moving party. See CBS Interactive, Inc. v. Etilize, Inc., 257 F.R.D. 195, 201 (N.D. Cal. 2009); see also Acer, Inc. v. Tech. Prop. Ltd., No. 08–CV–00877, 2010 WL 3618687 at *3 (N.D. Cal. Sept. 10, 2010) ("[The moving party] must demonstrate good cause, an inquiry that considers first whether the moving party was diligent in amending its contentions and then whether the nonmoving party would suffer prejudice if the motion to amend were granted.... If [the moving party] was not diligent, the inquiry should end."). The party seeking to amend its contentions bears the burden of establishing diligence. O2 Micro, 467 F.3d at 1366–67.

Here, the parties essentially agree that Plaintiff should amend the preliminary infringement contentions. The parties' dispute concerns the form of the amendment. Plaintiff proposes serving a third supplemental disclosure of preliminary infringement contentions. Iams Decl. Ex. A. Defendant believes that the third supplemental disclosure does not comply with Patent Local Rule 3-1 in numerous respects, and that Plaintiff should serve a single pleading incorporating all of the prior supplemental disclosures in one document.[1] Iams Decl. Ex. E.

---

[1] Patent Local Rule 3-1 states:

Not later than 14 days after the Initial Case Management Conference, a party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

(a) Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted;
(b) Separately for each asserted claim, each accused apparatus, product, device, process,

3

Here, there is good cause to amend the preliminary infringement contentions. Plaintiff was diligent in seeking amendment based on the recent production of additional process information by Defendant. Further, amendment of the contentions meets the purpose of Patent L.R. 3–1, which is "to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." InterTrust Technologies Corp. v. Microsoft Corp., No. 01–1640 SBA, 2003 WL 23120174, at * 1 (N.D.Cal. Dec.1, 2003) (citations omitted). Defendant does not claim that amendment would be prejudicial.

However, Defendant's argument that Plaintiff should consolidate all of the preliminary infringement contentions in one document is well-taken. It serves the purpose of the Patent Local Rules to properly consolidate all of the numerous documents containing preliminary infringement contentions into one document in order to give clear notice to Defendant of the contentions and to create a workable document for the Court. Therefore, Plaintiff's Motion to Amend is granted, and Plaintiff shall serve on Defendant one document containing all of its preliminary infringement

---

method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;
(c) A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.
(d) For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.
(e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;
(f) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and
(g) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.
(h) If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

Pat. L.R. 3-1.

contentions that have previously been served as well as the proposed amendments, along with one updated set of claim charts and any other documents required by the Local Rules. Plaintiff shall serve the amended preliminary infringement contentions no later than May 31, 2013.

IT IS SO ORDERED.

Dated: May 17, 2013

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge