UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZIPTRONIX, INC.,<br><br>  Plaintiff,<br><br>  vs.<br><br>OMNIVISION TECHNOLOGIES, INC., TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LTD., and TSMC NORTH AMERICA CORP.,<br><br>  Defendants. | Case No:  C 10-05525 SBA<br><br>**ORDER GRANTING MOTION FOR CLARIFICATION RE DISCOVERY LIMITS**<br><br>Docket 286 |

   The parties are presently before the Court on Defendants Taiwan Semiconductor Manufacturing Company Ltd. ("TSMC Ltd.") and TSMC North America Corp.'s ("TSMC NA") (collectively, "TSMC") motion for clarification regarding discovery limits.[1]  Dkt. 286.  Plaintiff Ziptronix, Inc. ("Ziptronix") opposes the motion to the extent TSMC seeks clarification that Ziptronix may only take a maximum of 20 hours of Rule 30(b)(6) depositions of TSMC.  Dkt. 293.  According to Ziptronix, it is entitled to take a total of 40 hours of Rule 30(b)(6) depositions of TSMC, consisting of a maximum of 20 hours of Rule 30(b)(6) depositions of TSMC Ltd., and a maximum of 20 hours of Rule 30(b)(6) depositions of TSMC NA.  Id.

   Having read and considered the papers filed in connection with this matter, and

---

[1] On April 13, 2011, the parties filed a "Joint Federal Rule of Civil Procedure 26(f) Report" ("Rule 26(f) Report" or "Joint Report").  Dkt. 42.  In paragraph six of the Joint Report, the parties agreed to certain discovery limitations.  Id.  On February 6, 2012, the Court issued a Case Management Order adopting the parties' Amended Joint Case Management Statement (Dkt. 70).  Dkt. 75.  The parties' Amended Joint Case Management Statement incorporated by reference the discovery limitations set forth in the parties' Rule 26(f) Report.  See Dkt. 70.

having reviewed the record, the Court hereby GRANTS TSMC's motion.[2]  The Court concludes that TSMC Ltd. and TSMC NA shall collectively be treated as one "party" for purposes of the discovery limits set forth in paragraph six of the parties' Rule 26(f) Report. See Dkt. 42.  Accordingly, Ziptronix may only take a maximum of 20 hours of Rule 30(b)(6) depositions of TSMC.

If any party wishes to modify the discovery limitations established by the Court's February 6, 2012 Case Management Order, the party shall file a duly noticed motion under Rule 16 of the Federal Rules of Civil Procedure.  Prior to the filing of any such motion, the parties shall meet and confer to discuss the issues presented by the motion as required by this Court's Standing Orders.  See Dkt. 21.  The meet and confer requirement is essential to conserving the limited time and resources of the Court and the parties by obviating the filing of unnecessary motions.  See Wong v. Astrue, 2008 WL 4167507, at *2 (N.D. Cal. 2008) ("The purpose of the [meet and confer] requirement is to encourage settlement, resolve disputes which need not involve the Court, and avoid unnecessary litigation, thus saving the parties', the Court's, and the taxpayers' limited time, money, and resources.").  The Court advises the parties that it may disregard any papers submitted that do not comply with the meet and confer requirement.  This Order terminates Docket 286.

IT IS SO ORDERED.

Dated:  8/9/2013

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).