IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIPTRONIX, INC, <br><br> Plaintiff, <br><br> v. <br><br> OMNIVISION TECHNOLOGIES, INC., et al., <br><br> Defendants. | No. C -10-05525 SBA (EDL) <br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS** |

    Before the Court is Plaintiff's Motion to Amend Preliminary Infringement Contentions. The Court held a hearing on Plaintiff's Motion on January 7, 2014. For the reasons stated at the hearing and in this Order, Plaintiff's Motion is granted in part and denied in part.

    Patent Local Rule 3–6 allows the parties to amend infringement and invalidity contentions "only by order of the Court upon a timely showing of good cause." Pat. L.R. 3–6. Only if the moving party is able to show diligence may the court consider the prejudice to the non-moving party. See CBS Interactive, Inc. v. Etilize, Inc., 257 F.R.D. 195, 201 (N.D. Cal. 2009); see also Acer, Inc. v. Tech. Prop. Ltd., No. 08–CV–00877, 2010 WL 3618687 at *3 (N.D. Cal. Sept. 10, 2010) ("[The moving party] must demonstrate good cause, an inquiry that considers first whether the moving party was diligent in amending its contentions and then whether the nonmoving party would suffer prejudice if the motion to amend were granted.... If [the moving party] was not diligent, the inquiry should end.").

    Here, Plaintiff seeks to amend its infringement contentions with seventeen OmniVision part numbers that Plaintiff claims were recently identified through discovery. Defendant does not oppose amendment of the infringement contentions to add OmniVision part numbers: OV2222, OV2723, OC5645 and OV56488. Therefore, Plaintiff's Motion to Amend Infringement Contentions

is granted as to those part numbers.

As to the remaining part numbers at issue, the parties dispute whether Plaintiff was diligent in seeking to amend its infringement contentions. Defendant argues that Plaintiff waited as long as seventeen months before seeking to add some of the part numbers at issue here, and that therefore, Plaintiff has not shown that it was diligent in seeking amendment for purposes of establishing good cause under Local Rule 3-6. According to Defendant, ten of the products were disclosed on June 4, 2012, five products were disclosed on January 18, 2013, and two were disclosed on June 21, 2013. Gorman Decl. ¶ 9. TSMC also stated that all but one of the seventeen products sought to be added by Plaintiff were specifically identified by product number in an interrogatory response served on January 18, 2013. Gorman Decl. Ex. 1. TSMC argues that even though Plaintiff had notice of at least some of the part numbers as early as June 2012, Plaintiff improperly waited until November 2013 to seek leave to amend the preliminary infringement contentions, and did not include them in the court-ordered consolidated contentions in May 2013. See O2 Micro v. Monolithic Power Sys., 467 F.3d 1355, 1367 (Fed. Cir. 2006) (stating that three months was not diligent); Power Integrations, Inc. v. Fairchild Semiconductor Int'l, 2013 WL 4604206, at *4 (N.D. Cal. Aug. 28, 2013) (two months delay was not diligent); EON CorpIP Holdings LLC v. Aruba Networks, 2013 WL 6001179, at *3 (N.D. Cal. Nov. 12, 2013) (three months not diligent); but see Vasudevan Software Inc. v. IBM Corp., 2011 WL 940263, at *1 (N.D. Cal. Feb. 18, 2011) (four months delay was not found to lack diligence).

Plaintiff does not dispute that process information for some of the products was available as early as June 2012, but states that the process information was made available in relation to different OmniVision part numbers that are already included in the May 31, 2013 consolidated contentions. Iams Decl. ¶ 33. Plaintiff states that this is true for all ten of the parts disclosed in June 2012, that is, the TSMC part numbers disclosed were related to OmniVision part numbers that are different than on the chart. For the parts allegedly disclosed in January 2013, Plaintiff argues that review of the standalone computer at that time only revealed reference to internal TSMC part numbers, not to the relevant OmniVision part numbers at issue in this motion.

Plaintiff has not met its burden of demonstrating that it is entitled to further amend its

2

infringement contentions. In general, Patent Local Rule 3-6 is designed to pin down the basis for an infringement case relatively early in the litigation. The opposite has happened here, where Plaintiff provided multiple versions of the infringement contentions over time and only created a consolidated version of the contentions in May 2013 after being ordered to do so. At some point, amendments to the infringement contentions must end and the case must move forward. It is simply too late to amend the infringement contentions, particularly where, as here, Plaintiff has not met its burden of demonstrating good cause.

Defendant has made a showing that Plaintiff had, at a minimum, much of the relevant information about many of the disputed part numbers long before Plaintiff filed this motion, and possibly even before the Court-ordered May 2013 infringement contentions. Plaintiff's motion papers shed little light on this question. At the hearing, Plaintiff argued somewhat opaquely that it sought to amend the contentions with respect to two different categories (OmniVision part numbers that correspond to the TSMC numbers that were already disclosed and new OmniVision part numbers), but failed to specify which category corresponded to which specific products – whose history in discovery Defendant had addressed in some detail. Tr. at 8. Therefore, Plaintiff has not supplied specific information sufficient to overcome Defendant's showing that Plaintiff was not diligent in seeking to amend as to the remaining thirteen part numbers. Accordingly, Plaintiff's Motion to Amend Infringement Contentions is denied as to the remaining part numbers.

**IT IS SO ORDERED.**

Dated: January 21, 2014

ELIZABETH D. LAPORTE
United States Magistrate Judge

3