IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIPTRONIX, INC, <br><br>　　　　Plaintiff, <br><br>　v. <br><br>OMNIVISION TECHNOLOGIES, INC., et al., <br><br>　　　　Defendants. | No. C -10-05525 SBA (EDL) <br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

　　　　On March 28, 2014, Plaintiff filed a Motion for Leave to File a Motion for Reconsideration of the Court's January 23, 2014 Order Granting in Part and Denying in Part Plaintiff's Motion to Amend Preliminary Infringement Contentions. Dkt. No. 419. On March 24, 2014, Defendant filed a response to Plaintiff's Motion for Leave.

　　　　Civil Local Rule 7-9 governs motions for leave to file motions for reconsideration. Subsection (b) of that Rule states:

> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> 　(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> 　(2) The emergence of new material facts or a change of law occurring after the time of such order; or
> 　(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Generally, motions for reconsideration are disfavored, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v.

Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).  Nor is reconsideration to be used to ask the Court to rethink what it has already thought.  See United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz.1998) (citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)).

      Plaintiff's motion does not address the first two bases for reconsideration under Local Rule 7-9, so it must be based on the third prong, Local Rule 7-9(3).  The Court has carefully reviewed Plaintiff's Motion, and concludes that Plaintiff has not demonstrated that the Court manifestly failed to consider a material fact that was presented to it before the January 23, 2014 Order.  Plaintiff's Motion for Leave instead re-argues the points and evidence presented in the underlying Motion to Amend, which the Court already considered and found unpersuasive.

      The Court notes that Plaintiff did not move for relief from the Court's January 23, 2014 Order with Judge Armstrong.  See Fed. R. Civ. P. 72(a); Civil L.R. 72-2.  In addition, Plaintiff does not explain why it waited almost two months after the Court's January 23, 2014 Order to file this Motion for Leave.  The lack of diligence is puzzling because Plaintiff does not base the Motion for Leave on the emergence of new facts or law since the January 23, 2014 Order.

      Plaintiff's Motion for Leave to File a Motion for Reconsideration is denied.

**IT IS SO ORDERED.**

Dated:  March 27, 2014

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

2