IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIPTRONIX, INC,<br><br>                Plaintiff,<br><br>  v.<br><br> OMNIVISION TECHNOLOGIES, INC.,<br>et al.,<br><br>                Defendants. | No. C -10-05525 SBA (EDL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SUPPLEMENT INFRINGEMENT CONTENTIONS (DOCKET NO. 417)** |

Before the Court is Plaintiff's Motion to Supplement Infringement Contentions. Because this matter was appropriate for decision without oral argument, the Court vacated the May 6, 2014 hearing.

To the extent that Plaintiff's Motion is an attempt to obtain reconsideration of the Court's Order Granting in Part and Denying in Part Plaintiff's Motion to Amend Infringement Contentions (Docket No. 373), it is denied because Plaintiff has failed to make a showing for reconsideration as required by Civil Local Rule 7-9. Further, the Court has already denied reconsideration of that Order (Docket No. 423).

Patent Local Rule 3–6 allows the parties to amend infringement and invalidity contentions "only by order of the Court upon a timely showing of good cause." Pat. L.R. 3–6. Only if the moving party is able to show diligence may the court consider the prejudice to the non-moving party. See CBS Interactive, Inc. v. Etilize, Inc., 257 F.R.D. 195, 201 (N.D. Cal. 2009); see also Acer, Inc. v. Tech. Prop. Ltd., No. 08–CV–00877, 2010 WL 3618687 at *3 (N.D. Cal. Sept. 10, 2010) ("[The moving party] must demonstrate good cause, an inquiry that considers first whether the moving party was diligent in amending its contentions and then whether the nonmoving party would suffer prejudice if the motion to amend were granted.... If [the moving party] was not diligent, the

inquiry should end.").

Here, Plaintiff purports to seek amendment of the infringement contentions to "identify by specific part number Accused Instrumentalities recently introduced by co-defendant OmniVision Technologies, Inc., but which fall within the same family of parts already accused of infringement. . . ." Mot. at 1. However, it is unclear from Plaintiff's motion exactly which part numbers are at issue, particularly because in the reply, Plaintiff acknowledges that the Court's prior Orders resolved some of the issues presented in this motion. It appears that there may be eight part numbers at issue (Iams Decl. Ex. 1: OV4188, OV4682, OV4689, OV5181, OV5658, OV9274, OV9774, OV10320). Defendants do not oppose supplementation of the infringement contentions as to two of these part numbers, OV9274 and OV9774, which were not disclosed until November 27, 2013. Opp. at n.1. Therefore, Plaintiff's motion is granted as to those two part numbers.

With respect to the six remaining part numbers that appear to be at issue (OV4188, OV4682, OV4689, OV5181, OV5658, OV10320), Defendants argue that these part numbers were disclosed in the same disclosures that the Court found dispositive in the Order denying the previous motion to amend. Plaintiff does not argue to the contrary, and acknowledges that there is an overlap with respect to the part numbers at issue in the present motion and in the previous motion. Reply at 4. Apparently, these six part numbers were either at issue in the last motion or were disclosed around the same time as other part numbers that were at issue in the last motion. Therefore, as stated in the Court's prior Order, amendment to include these six part numbers is denied because Plaintiff did not act diligently in seeking to amend.

Plaintiff argues in the reply that it is in the difficult position of having to serially seek leave to amend its contentions with respect to selected new product introductions, and appears to be seeking an order from the Court prospectively approving any further amendments to the infringement contentions when new part numbers are introduced that are in the same family of parts already at issue. The Court has previously denied this relief. Plaintiff must comply with the Patent Local Rules if it wishes to amend.

**IT IS SO ORDERED.**

2

Dated: April 14, 2014

*[signature: Elizabeth D. Laporte]*

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge